## Tommy DAIL, a/k/a Tommy DALE v. STATE
### OF ARKANSAS

CR 73-133                                    502 S.W. 2d 456

### Opinion delivered December 24, 1973

*John R. Henry,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Deputy Atty. Gen., for appellee.

J. Fred Jones, Justice. Tommy Dale was convicted at a jury trial for selling marijuana. He was sentenced to three years in the Arkansas Department of Correction and fined $500 with the fine suspended. On appeal to this court he contends that the trial court erred in admitting into evidence a plastic bag containing vegetable material identified by a witness as marijuana. He also contends that the trial court erred in failing to grant a mistrial when the prosecuting attorney elicited from the state's witness, Ron Rutledge, testimony to the effect that Tommy Dale had committed other crimes. We find no merit in either contention.

William Ronald Rutledge, an undercover police officer, testified that he purchased a "lid" of substance represented to, and believed by, him to be marijuana from Tommy Dale. He said that when he first met Mr. Dale, Dale informed him that he had access to a quantity of drugs. He said that after his first conversation with Dale he returned later and was told by the appellant Dale that he dealt in pounds of marijuana and did not

deal in "lids." He described "lids" as being plastic bags containing approximately one ounce of marijuana. He said that further discussion of marijuana with Dale resulted in Dale opening a suitcase containing about 20 or 25 bags of what appeared to be marijuana. He said that Dale handed him a plastic bag containing a substance which he believed to be marijuana and he handed Dale $15 in payment. He said he called Sergeant Silvey and delivered the bag with its contents to him. He said the bag was closed by a rubber band wrapped around it; that he placed his label on the bag when he delivered it to Silvey; that the bag offered into evidence was the same bag he purchased from Dale and the contents of the bag appeared to be the same.

Sergeant Silvey testified that he was familiar with the appearance of marijuana; that Rutledge delivered the bag to him and that the bag contained what appeared to be marijuana. He said he placed the bag with its contents in a locked filing cabinet in the police headquarters building and that he, together with Captain Walker and Lieutenant Smith were the only officers in the department having keys or access to the cabinet. He said that he and Captain Walker removed the bag from the locked cabinet and took the bag with its contents to the laboratory in Little Rock for analysis. He said Lieutenant Smith was present when the bag was removed from the filing cabinet; that the bag still had the rubber band around it, together with the label, and that it had not been altered in any way before he and Captain Walker took it to the laboratory for analysis. He said he was with Captain Walker when Captain Walker handed the package to the chemist at the laboratory in Little Rock. Sergeant Silvey's testimony was corroborated by Lieutenant Smith and the testimony of Captain Walker. Manuel Holcomb testified that he received the plastic bag and contents offered in evidence from Captain Walker on November 21, 1972; that he kept the bag and contents under lock and key in the storeroom at the laboratory until he made an analysis of the substance in the bag on November 22. He said the chemical analysis showed the substance in the bag to be marijuana, and this witness identified the package and contents offered in evidence as being the same he received from Captain Walker. The chain of possession was well preserved

under the evidence in this case and we find no merit in the appellant's first contention.

As to Dale's second contention, relative to the testimony of Rutledge on redirect examination, the record appears as follows:

"Q. I believe, you testified that he mentioned, that Tommy Dale mentioned that he had other drugs?
A. Yes, sir.
Q. But I don't believe you, did he mention what specific drugs he had?
A. Yes, sir. He did.
Q. Tell the jury what he said?
A. He mentioned cocain and RJS's, which, and marijuana and hash.
Q. Cocain, hasish—
A. Cocain, hash, marijuana.
MR. PARKER: You may ask.
THE COURT: You may be excused.
(Witness excused)
(Note: Conference at bar of The Court.)"

This testimony was then followed by the testimony of Sergeant Silvey, Lieutenant Smith and Captain Walker. After these three witnesses had finished their testimony, the appellant moved for a mistrial and stated his reasons therefore as follows:

"During the State's re-cross or re-direct examination of the witness, Ron Rutledge, the State elicited testimony that the defendant, Tommy Dale, was in possession of other and had possessed other narcotics, which narcotics, which drugs were named by the witness on the witness stand and in the presence of the jury. At that time, the defendant moved for a mistrial on the grounds that the testimony elicited from the witness Rutledge was not elicited for proof of the allegations set forth in the Information, but for proof of other crimes which are not admissible, which the only purpose for the elicitation of said other crimes was to show that the defendant was a man of bad character, addicted to crime. The defendant would move The Court to declare a mistrial at this time, based upon the Arkansas Supreme Court

decision, Sweatt versus State, reported in 473 S.W. 2nd, 913."

The state resisted the motion on the ground that the statement attributed to Mr. Dale was a part of the res gestae or facts and circumstances surrounding the sale of the marijuana, wherein the defendant at the time stated he was interested in the sale of pounds and not "lids" of marijuana, and that it did not constitute separate offenses as was the situation in *Sweatt v. State,* 251 Ark. 650, 473 S.W. 2d 913, relied on by the appellant. The state also opposed the motion because the testimony was not timely objected to. The trial court overruled the motion for a mistrial and stated that in the court's opinion the *Sweatt* case and the rule announced therein were distinguishable on the facts from the case being tried, and that the holding in the *Sweatt* case was not applicable. We agree with the trial court.

In *Sweatt v. State, supra,* the defendant was charged with selling or bartering LSD, a hallucinatory drug, to Robbie White, a 14-year-old boy. Robbie White testified that he bought one LSD tablet from Sweatt for $3.00 on credit and that Sweatt told him the strength of the tablet was 300 micrograms. White testified that after taking the tablet it caused him to "go on a trip"; that his vision was "messed up" and couldn't do things right and felt dead. We held that the jury was justified in concluding from this testimony that Sweatt said the tablet was LSD and in fact it was. In the *Sweatt* case, however, the facts are distinguished from those in the case at bar in the following language:

"Upon the second point the appellant is right in his contention that the court erred in permitting the State to prove other offenses committed by Sweatt. The court allowed the prosecution to introduce much testimony showing that Sweatt had had marijuana at his apartment and had sold it. In fact, as in *Moore v. State,* 227 Ark. 544, 299 S.W. 2d 838 (1957), the other offenses were proved in more detail than was the charge actually being tried."

In *Sweatt* we then reiterated the basic rules stated in *Alford v. State,* 223 Ark. 330, 266 S.W. 2d 804 (1954), as follows:

"'The State is not permitted to adduce evidence of other offenses for the purpose of persuading the jury that the accused is a criminal and is therefore likely to be guilty of the charge under investigation. In short, proof of other crimes is never admitted when its only relevancy is to show that the prisoner is a man of bad character, addicted to crime.'"

We are of the opinion that the evidence objected to in the case at bar falls more within the rule announced in *Davis* v. *State,* 182 Ark. 123, 30 S.W. 2d 830, and cases therein cited. Davis and another, were charged with murder in the perpetration of robbery. The victim Weed was killed about 8 o'clock and a witness was permitted to testify that at a time before 8 o'clock and at a place near the scene of the homicide, he was robbed by the appellants and that they were armed. In that case we said:

"The testimony was, therefore, competent to show the business in which appellants were engaged that night, and the probable purpose for which they went to Weed's place of business soon thereafter.

It is well settled that if testimony tends to prove the commission of the crime charged in the indictment, it is not to be excluded because it also tends to show the commission of another or different crime."

The testimony objected to in the case at bar was not independent testimony of separate crimes committed by the accused, but was testimony of the witness as to what products the accused said he had available, after which the witness elected to purchase the marijuana. We are of the opinion that the evidence was admissible in the context given and the trial court did not err in refusing Dale's motion for a mistrial. Having reached this conclusion we do not pass on the matter of timely objection argued by the state. However, in *Powell* v. *State,* 231 Ark. 737, 332 S.W. 483, we said:

"[A]n objection to be effective must be made at the first opportunity to do so, or appellant must move for exclusion. See *Clardy* v. *State,* 96 Ark. 52, 131 S. W. 46. At any rate, because of the delayed objection,

the matter of granting a mistrial was in the sound discretion of the trial court and its action will not be reversed unless an abuse of that discretion is shown."

In the case at bar, we are of the opinion that the appellant's second contention is without merit for the reason that the evidence was simply a part of Dale's offer of the drugs he had for sale and did not amount to testimony of other criminal acts.

The judgment is affirmed.

HARRIS, C. J., not participating.