Clyde Junior YOUNG *v.* STATE of Arkansas

CR 80-47                                          598 S.W. 2d 74

Supreme Court of Arkansas
Opinion delivered May 5, 1980

*James E. Davis*, for appellant.

*Steve Clark*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was convicted of delivery of a controlled substance in violation of Ark. Stat. Ann. § 82-2601, et seq. (Supp. 1979), Act 590 of 1971 as amended, and criminal use of a prohibited weapon in violation of Ark. Stat. Ann. § 41-3104 (Repl. 1979). He received sentences of fifteen and three years respectively, the sentences to run consecutively.

Appellant first asserts for reversal that the trial court erred in admitting "evidence" of other drug sales by permitting an undercover narcotics agent to testify that, at the time he purchased two hits of phencyclidine (PCP) from the appellant, the appellant told him he had already sold thirty hits of PCP that night. He cites Ark. Stat. Ann. § 28-1001, Rule 404 (b) (Repl. 1979), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The appellant argues that the evidence was admitted for the sole purpose of proving that he regularly dealt in drugs, which is contrary to Rule 404 (b). Further, evidence of other drug sales was not necessary to establish his identity, plan or intent inasmuch as the offense charged, delivery of a controlled substance, was established by the agent's testimony. Neither was the evidence admissible to establish that he "had dealt in drugs before and hence was likely to have done so again," citing *Sweatt* v. *State*, 251 Ark. 650, 473 S.W. 2d 913 (1971) and other cases of a similar import.

"The general rule is that evidence of other crimes by the accused, not charged in the indictment or information and not a part of the same transaction, is not admissible at the trial of the accused." *Moser* v. *State*, 266 Ark. 200, 584 S.W. 2d 15 (1979). However, evidence of other criminal activity is admissible under the *res gestae* exception to the general rule to establish the facts and circumstances surrounding the alleged commission of the offense. *Dail* v. *State*, 255 Ark. 836, 502 S.W. 2d 456 (1973); *Russell* & Davis v. *State*, 262 Ark. 447, 559 S.W. 2d 7 (1977); and *Carter* v. *United States*, 549 F. 2d 77 (8th Cir. 1977). In *Dail* we said:

> The testimony objected to in the case at bar was not independent testimony of separate crimes committed by the accused, but was testimony of the witness as to what products the accused said he had available, after which the witness elected to purchase the marijuana.

Here the agent testified as to a conversation he had with the appellant at the time of delivery transaction. When he asked appellant about the quality of the PCP, two packets of white powder, the appellant assured him it was "pretty good," and he had already sold thirty hits that same night. The agent merely testified as to what the appellant told him about his activities that night. Further, following the agent's testimony, the court admonished the jury that the testimony was admitted for the limited purpose of establishing the "entire transaction of the night in question," and not for determining the appellant's guilt or innocence with regard to the offense with which he was being tried. In the circumstances, the court did not err in admitting the questioned testimony.

Also, in the recent case of *Price* v. *State*, 267 Ark. 535 597 S.W. 2d 598 (1980), we held that once independent relevancy is established, i.e., the evidence tends to prove some material point rather than the defendant is a criminal, evidence of other criminal activity may be admitted if its probative value outweighs its prejudicial effect. § 28-1001, Rule 403. Further, the trial court is accorded a wide discretion in determining the admissibility of such evidence, and we do not reverse absent an abuse of discretion. There, as here, the appellant denied criminal

involvement in the offense charged. We held that evidence of a telephone conversation between the appellant and a police informant during which the appellant made statements which "intimated involvement in the Reno car theft and admitted involvement in other car thefts" was admissible during the trial on a local charge of a car theft. The dates and locations of "other car thefts" were not indicated. Even so, we held that evidence of other criminal activities had independent relevancy, and the potential for prejudice as to other thefts did not outweigh the probative value of the evidence. Here, the other sales of PCP occurred on the very same night. In the circumstances, we cannot say that the court abused its discretion.

The appellant next argues that the court erred in allowing in evidence a sawed-off shotgun and the phencyclidine inasmuch as the authenticity of this evidence was not proven. A narcotics agent testified he purchased two packets containing a white powder from the appellant. He kept them in his possession for four days before sending them by registered mail to the State Crime Laboratories. He identified the envelope proferred by the state as the envelope he had labeled and sent to the Crime Lab. The agent had labeled the envelope with his initials, the case file number, the date, "Arkansas State Police Evidence" and "two small papers, folded several times, containing white powder believed to be PCP." A chemist from the State Crime Lab identified the envelope proffered by the state and testified that the items had been in his control since their receipt. The shotgun was identified by the narcotics agent as the one he had purchased from the appellant. An agent for the Bureau of Alcohol, Tobacco and Firearms identified the shotgun as the one he had received from the undercover narcotics agent and had stored in his vault until the trial commenced. The purpose of establishing a chain of custody is to prevent the introduction of evidence which is not authentic. *Milburn* v. *State*, 260 Ark. 553, 542 S.W. 2d 490 (1976); and *Baughman* v. *State*, 265 Ark. 869, 582 S.W. 2d 4 (1979). The chain of custody here clearly established the authenticity of the items.

Appellant next asserts the court erred in refusing to grant a mistrial when the prosecuting attorney, in his closing

argument, stated that "I believe my five year old son would know that gun is illegal by looking at it." In justifying his possession of the sawed-off shotgun, the appellant had testified that he had it as collateral for a loan, and he had returned it to its owner upon repayment of the loan. He denied selling it to the agent. The prosecutor merely stated his personal opinion as to his child's ability to perceive that the sawed-off shotgun was an illegal weapon. In other words, he was merely deprecating the credibility of appellant's testimony. Mere expressions of opinion by counsel in their closing arguments are not impermissible as long as they are not so flagrant so as to purposely arouse passion and prejudice. *Willis* v. *State*, 220 Ark. 965, 251 S.W. 2d 816 (1952); *Stanley* v. *State*, 248 Ark. 787, 454 S.W. 2d 72 (1970); and *Perry* v. *State*, 255 Ark. 378, 500 S.W. 2d 387 (1973). Here appellant's objection was sustained, and the court admonished the jury to disregard remarks by the attorneys unless based upon the evidence. Certainly, we cannot say the court abused its discretion in denying a mistrial.

Affirmed.