Troy EUTON *v.* STATE of Arkansas

CA CR 80-17                                     603 S.W. 2d 468
Court of Appeals. of Arkansas
Opinion delivered September 3, 1980

McArthur & Lassiter, P.A., by: *William C. McArthur*, for appellant.

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., for appellee.

Marian F. Penix, Judge. Euton appeals from a jury conviction which sentenced him to three years imprisonment in the Arkansas Department of Correction.

Euton was charged by information with delivery of marijuana in violation of Ark. State. Ann. §82-2617. The information alleged that on or about June 8, 1978, Euton did unlawfully and feloniously sell and deliver 0.6 grams of marijuana, a Schedule VI controlled substance, to Officer Bill Gage at the Post Office in Tumbling Shoals, Cleburne County, Arkansas. A trial by jury ended in his conviction and three year sentence.

I

Euton contends the trial court erred in allowing the State to elicit testimony concerning the properties of hashish.

Officer Gage, upon the Prosecuting Attorney's questioning, opined that a gram of hashish would service six to eight people's requirements for the drug. The appellant's attorney objected alleging such testimony was improper and irrelevant because the drug involved in the information charge was marijuana, not hashish. Euton contends the testimony should have been excluded under Rules 402 and 403 of the Uniform Rules of Evidence. He further contends the only possible reason for eliciting testimony concerning hashish was to confuse or mislead the jury about the substance of the charge.

Euton contends the Court's admission of the testimony into evidence was prejudicial error.

Officer Gage testified he was working in an undercover capacity in Cleburne County with a man named Mitchell. Mitchell told Gage Euton had some "hash" for sale. Gage further said Euton represented to him the substance he sold to Gage in June 1978 was hashish. The transaction involved a substance not eventually charged, but one Gage thought he was purchasing. Gage sent what he thought to be hashish to the State Crime lab where it was determined to be marijuana. Euton was subsequently charged with delivery of marijuana.

In *Dail* v. *State*, 255 Ark. 836, 502 S.W. 2d 456 (1973), appellant was convicted of selling marijuana. The undercover agent testified that at the time he purchased the marijuana from the appellant, the appellant mentioned in addition to marijuana he also had some cocaine and hashish. There the Court held the statement admissible because it was part of the res gestae or facts and circumstances surrounding the sale of the marijuana. In the instant case the agent's testimony regarding what he had been led to believe he was buying was not improper. It was part of the transaction. *Young* v. *State*, 269 Ark. 12, 598 S.W. 2d 74 (1980); *Price* v. *State*, 267 Ark. 527, 599 S.W. 2d 394 (Ark. App. 1980), affirmed 268 Ark. 535, 597 S.W. 2d 598 (1980).

The appellant alleges Gage did not qualify as an expert in drugs and therefore he should not have been allowed to testify in the expert witness category. Appellant did not object to Officer Gage's testimony as to his experience, hence it is improper for this Court to consider it for the first time on appeal. *Hughes* v. *State*, 264 Ark. 723, 574 S.W. 2d 888 (1978); *French* v. *State*, 260 Ark. 473, 541 S.W. 2d 680 (1976). Further, an undercover narcotics officer can be found competent to state his opinion regarding the substance he purchased. See *Milburn* v. *State*, 262 Ark. 267, at 269, 555 S.W. 2d 946 (1977). Officer Gage, acting in an undercover capacity, and through prior experience, thought he was buying hashish, and in fact thought it was in sufficient quantity to have an effect on six to eight persons. He testified to the nature of the transaction. This type testimony is admissible.

A chemist from the State Crime Lab testified that hashish is concentrated THC, which is the hallucinogenic drug in marijuana. No objection was raised as to the introduction of the concentrated quality of hashish either at the time Gage testified nor at the time the State chemist testified. We find no error in the admssion of Gage's testimony concerning the properties of hashish.

## II

Euton alleges error in the Court's instruction to the jury and in its handling of the jury's improper verdict.

The Court instructed the jury and the jury was provided with a form containing a finding of guilt on a charge of delivery of marijuana, on a charge of possession of marijuana, and a finding of not guilty. The jury returned the form which was marked guilty of delivery with a two year prison sentence given and guilty of possession with a one year sentence affixed. Whereupon the Court, realizing the jury had misunderstood the original instruction, called the counsel to the bench and stated:

> I think what I need to do is give it back to them and read them those instructions again, and make it clear that it has to be one or the other. And I don't think I could adlib it and be better than what the instructions are.

> All right, would you have a seat. I think this is my fault, because I should have made it clearer than what these — these instructions that we use have to be worded a certain way because that is the way that the Supreme Court has said that each one of them needs to be; but what I should have told you is that on this it would be one or the other, either delivery of marijuana or possession or not guilty. And so I will ask you to go back out and just return one of those two, but let me make sure that I have worded this right so that you will understand or so that you will know which one it is that you need to return.

All right, first, the defendant is charged with delivering marijuana. To sustain this charge the State must prove beyond a reasonable doubt that the defendant knowingly or purposely transferred marijuana to another person in exchange for money or anything of value. Included in this charge is the lesser offense of possession of marijuana. You may find the defendant guilty of one of these or acquit him outright. If you have a reasonable doubt as to which offense he may be guilty of, you may find him guilty only of the lesser offense. If you have a reasonable doubt as to the defendant's guilt of all offenses, then you must find him not guilty.

Euton alleges this was error in that the Court improperly modified and clarified its instruction verbally rather than by writing.

First of all, Euton did not abstract the instructions and the verdict form. Supreme Court Rule 11(f) requires an abstract of the material parts of the record as are necessary to an understanding of all the questions presented to this Court for a decision. In *Ellis* v. *State*, 267 Ark. 690, 590 S.W. 2d 309 (Ark. App. 1979), we held we would not consider an assignment of error concerning instructions absent an abstract of the instructions given.

However the State has abstracted the pertinent instructions. Euton did not object to the procedure used by the Court at the time the jury's first verdict was recognized as a mistake, nor did he object to the trial court's reiteration of the instructions before sending the jury back to correct its error. But, even if Euton had made his specific objections known to the Court, we find no error in the procedure followed by the Court. The Court made explanatory remarks to the jury as to why this verdict was incorrect and then re-read the original instructions. The remarks of the Court merely prefaced its reiteration of the original instructions. We find no error.

Affirmed.

NEWBERN, J., concurs.

DAVID NEWBERN, Judge, concurring. I disagree with the majority's characterization of the testimony of Gage with respect to the properties and powers of hashish as being part of the *res gestae*. In *Young* v. *State*, 269 Ark. 12, 598 S.W. 2d 74 (1980); *Dail* v. *State*, 255 Ark. 836, 502 S.W. 2d 456 (1973); and *Price* v. *State*, 267 Ark. 527, 599 S.W. 2d 394 (Ark. App. 1980), *aff'd*, 268 Ark. 535, 597 S.W. 2d 598 (1980), cited by the majority, we and the supreme court dealt with the problem of evidence concerning "other offenses" received in connection with evidence of the offense charged. In those cases we and the supreme court were concerned with out-of-court statements made by witnesses. The statements referred to "other offenses" having some relationship to the offenses charged. In this case we are concerned with testimony of an officer on the witness stand not with respect to out-of-court statements of other offenses but testimony of the officer's knowledge of the effect of hashish. That has nothing to do with *res gestae*, and the citations are thus inapposite. It also has nothing to do with the charge of selling marijuana.

The appellant objected at the outset of this testimony on the basis of irrelevancy. The objection was sustained, albeit on the basis that the judge did not think the officer knew what the substance in question was. The court thus did not seem to be responding to the irrelevancy contention. The prosecutor immediately thereafter asked the following question:

Q. Okay. Assume for the purposes of this question that the amount of the substance that was bought from the defendant, if it had been hash of that amount, how many people would have got high on that amount, in your opinion?

From that point on the colloquy among the court, the prosecutor, and the appellant's attorney dealt with the qualifications of Gage as an expert and presence of lack of a foundation for his expressing an opinion with respect to the effects of hashish. The appellant's objection based on the irrelevancy of the officer's testimony was not renewed, and thus the statement as to the effect of the hashish was admitted.

This evidence was irrelevant, and it was highly prejudicial. The appellant was on trial for selling marijuana, not hashish. My only reason for this reluctant concurrence is the failure of the appellant to object or to renew his objection when the evidence was taken. My only reason for writing this concurring opinion is that I would not want it thought that this court found an officer's opinion testimony of the prowess of hashish to be part of the *res gestae*. His opinion was certainly not part of "the transaction."