Roy Raymond JOHNSON *v.* STATE of Arkansas

5527                              459 S. W. 2d 56

Opinion delivered October 26, 1970

*Harold L. King* and *Julius C. Acchione,* for appellant.

*Joe Purcell,* Attorney General; *Milton Lueken,* Asst. Atty. Gen., for appellee.

George Rose Smith, Justice. This is the second appeal in a postconviction proceeding filed under our Criminal Procedure Rule 1. On the first appeal we remanded the case to the circuit court for a more specific and definite finding with respect to the voluntary nature of the petitioner's confession. *Johnson* v. *State,*

248 Ark. 184, 450 S. W. 2d 564. Upon remand the court held a second hearing, at which additional testimony was taken. Upon the evidence introduced at both hearings the court found that the petitioner's confession was voluntarily given at his own request and was not induced by or due to any action of the police officers. The present appeal brings that finding up for review.

Johnson was arrested upon a charge of rape at about 1:00 a.m. on October 25, 1962—nine days before his eighteenth birthday. He testified, without corroboration, that he was beaten for about thirty minutes that night, and again the next morning, by police officers who were attempting to obtain an admission of guilt from him.

Officers Bentley and Goodwin were assigned to the case when they came on duty at 3:00 p.m. that same day. Johnson at first denied complicity in the asserted crime and refused to make a statement. Later on, at about 8:00 p.m., the two officers received a radio report that Johnson wanted to talk to them. When they returned to the jail Johnson, according to the officers, voluntarily made a statement—a confession—which was taken down by means of a tape recorder and was introduced at the hearing below. Both officers denied that Johnson had been mistreated by them, as Johnson claimed. Both stated that he did not appear to have been beaten by anyone else. Officer Bentley testified that ever since he had been a policeman, as far back as 1958, it had been his personal policy to advise persons of their right not to make a statement and to warn them that any statement they made might be used for or against them in a court of law. The officer could not recall, some seven years after the date of the confession, whether he had in fact so warned Johnson of his rights. Officer Goodwin thought that such a warning had been given, but, in view of the lapse of time, he finally concluded: "I don't believe I really remember."

In a case of this kind it is our practice to make an independent determination of the ultimate issue of voluntariness, but in doing so we accord the trial court's findings that weight and respect to which they are entitled by reason of the trial judge's superior opportunity to evaluate the oral testimony. *Harris v. State*, 244 Ark. 314, 425, S. W. 2d 293 (1968). We are aware that various efforts have been made to put into words—to express as a formula—the precise manner in which an appellate tribunal should weigh the findings of the trial court. See McNulty, Post-Conviction Relief in Arkansas, 24 Ark. L. Rev. 57, 78 (1970); Developments in the Law, Federal Habeas Corpus, 83 Harv. L. Rev. 1038 (1970); Wright and Sofaer, Federal Habeas Corpus for State Prisoners: The Allocation of Fact-Finding Responsibility, 75 Yale L. J. 895 (1966). In the case at bar we find it unnecessary to express a preference for any particular approach or formula; for we have concluded that the trial court's judgment must be upheld in any event.

At an original trial on the merits the State has the burden of showing that a proffered confession was voluntary. *Moore v. State*, 229 Ark. 335, 315 S. W. 2d 907 (1958). But when a convicted person seeks relief under Rule 1, he and his counsel must satisfy the court that the petition has merit. See *Reynolds v. State*, decided March 2, 1970, 450 S. W. 2d 555.

According to the record, Johnson and a confederate were guilty of having raped a woman in the presence of her husband, whom they intimidated. When Johnson filed his Rule 1 petition more than five years after the date of his trial, the prosecutrix was in a mental institution, and her husband—the other available eyewitness—was dead. The court reporter's record of the trial had been destroyed under a rule that such matters were preserved for only five years. We do not imply that the State's inability to prove its case upon a retrial is entitled to great weight, but it is nevertheless a circumstance to be considered in adjudging the petitioner's possible good faith in initiating a belated request for postconviction relief.

At the hearings below the prosecutor stated, without contradiction, that all available witnesses had been produced. The petitioner's testimony is denied positively by the two officers who received the disputed confession. The confession itself, when carefully studied, gives no internal indication of being the product of coercion. Upon the record as a whole, to which we have applied our own independent judgment, we are convinced that the petition was rightly denied.

Affirmed.