James Edward HONAKER *v.* STATE of Arkansas

5733                                  482 S.W. 2d 111

Opinion delivered July 3, 1972

*Benny E. Swindell,* for appellant.

*Ray Thornton,* Atty. Gen., by: *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

John A. Fogleman, Justice. Appellant Honaker entered a plea of guilty on May 19, 1970, in four separate cases involving charges of kidnapping, grand larceny and armed robbery. He was sentenced to two 15-year terms and two 10-year terms with all terms to run concurrently, and a requirement that he serve a minimum of

five years before becoming eligible for parole. He was represented at the time by appointed counsel Edward H. Patterson, a lawyer with 46 years of experience. On August 26, 1971, Honaker filed a motion to vacate his sentence under Criminal Procedure Rule 1. He alleged that he was denied effective assistance of counsel, that his plea of guilty was involuntary, and that he was denied due process by having been placed in an "illegal" lineup without having the assistance of counsel. The circuit court appointed Patterson and Benny E. Swindell to represent Honaker in the postconviction proceeding. This appeal and all of the postconviction proceedings in appellant's behalf were actually conducted by Swindell, because of the necessity for Patterson's testifying at the hearing. This appeal results from the denial of the motion. Appellant presents four points for reversal. As he states them they are:

1. That at the time of appellant's initial arrest and confinement he was not represented by counsel and was not informed of his rights to such representation or his right to assignment of counsel, and that at no time did appellant waive his rights to the assignment of counsel or to be represented by counsel.

2. That appellant's guilty plea was entered through deception and coercion by the prosecuting attorney, the judge and appellant's court-appointed attorney in violation of his right under the Sixth Amendment to the U. S. Constitution and that he was further denied the effective assistance of counsel and was therefore denied due process of law as guaranteed by the Fourteenth Amendment.

3. That appellant was arrested, tried, appointed counsel and forced to plead guilty within a four-day period.

4. That appellant was placed in an illegal lineup that consisted of five or six college students approximately 20 years of age and that appellant did not have counsel to represent him at that critical stage of the proceedings against him.

We take these to relate either to his allegation of denial of effective counsel or to the assertion that his plea of guilty was involuntary. The circuit court found that the sentences imposed were not in violation of the Constitution of Arkansas or of the United States Constitution and that there was no basis in law or fact for vacating the sentences imposed. We find no error in the court's findings.

Honaker testified that he was arrested in Oklahoma and returned to Arkansas by the Sheriff of Johnson County, and that he was neither represented by counsel nor advised of his rights until Patterson was appointed as his attorney soon after the sheriff returned him to Johnson County and put him in jail there. He admitted that he was not questioned by any officer during this time. Honaker stated that soon after he was placed in the jail cell Patterson came there and advised him of the appointment by the court and, on that evening or the next morning, of the charges, when he asked to which of them Honaker desired to enter a guilty plea. Honaker's version is that, in spite of his statement that he did not want to plead guilty to any of the charges, Patterson stated that he surely must be guilty of some of them and that the sheriff would recommend a seven-year sentence. Later, Honaker said, Patterson returned and stated that the sheriff would not agree to a seven-year sentence but would agree to a 10-year term. Still later, said Honaker, Patterson advised that the circuit judge would agree to accept his guilty plea and impose a 21-year sentence. It was then, according to Honaker, that he consented to Patterson's entering a guilty plea conditioned upon a 15-year sentence. Appellant testified that he did not see his appointed counsel over three times during the four days he was in jail at Clarksville before his plea of guilty and that he never discussed his case with his lawyer, and that Patterson advised him, not about his defense but, only that it would be better to plead guilty and get off with the least term possible. Honaker specifically denied that he ever admitted his guilt of the charges to his attorney or asked Patterson to work out the best "setup" possible for him.

Patterson, on the other hand, said that he and Hona-

ker did discuss getting as light a sentence as possible, and that Honaker never stated or indicated that he was not guilty of the offenses. Patterson's version is that he was in almost continuous negotiation with a representative of the prosecuting attorney's office, but had difficulty in bargaining because the prosecution was adamant in insisting upon disposing of the charges by trial. Patterson added that he advised Honaker of his lack of success and advised him of his rights. It was then, according to Patterson, that Honaker indicated that he did not want to go to trial, which had been set at 2:00 p.m. on the same day. It was about 20 minutes before the time for trial when Patterson advised Honaker of the best offer he had been able to negotiate. Patterson said that he was familiar with the facts in the case, knew about the local witnesses, discussed the facts with Honaker to some extent and consulted with his client on more than one occasion.

Honaker stated that his decision to plead guilty was based upon advice of his court-appointed attorney to do so, and that he said to the attorney, "You were raised with these people. You have dropped me anyway and there is no use taking further chances." Honaker admitted that he had not made any of the things of which he now complains known to the trial court when his plea of guilty was entered, even though he had the opportunity to do so. He volunteered the statement that he also had the opportunity "to get more time if I fought it."

There were six people in the lineup of which appellant complains. Patterson, who was present, testified, without being contradicted, that, after advising Honaker that all five witnesses who viewed the lineup identified him, he asked Honaker what he wanted to do. Honaker's claim of prejudice is based upon his testimony that he was 28 years of age and had tattoos on his arms, while the others were college students, aged 20 to 25 years, without tattoos, and that when the lineup was being arranged, he was conducted by a police officer past one of the witnesses who was standing in a hall. He also stated that he had previously been in the service station of one of the witnesses quite a few times.

The burden was on the appellant to show that his petition had merit. *Johnson* v. *State,* 249 Ark. 268, 459 S.W. 2d 56. When we accord to the trial court's findings the weight and respect to which they are entitled because of the trial judge's superior opportunity to evaluate the oral testimony, we are unable to say that they are inadequately supported, regardless of the scales on which the evidence is placed. There is no evidence that Patterson had any interest in the matter other than that of representing his client, that the attorney was inadequately informed about the case, that he failed to advise Honaker of his rights or of the actual situation confronting him or that he disregarded any request made of him by Honaker. The mere fact that only four days elapsed between appointment of counsel and the entry of the plea is not a sufficient basis for finding that counsel's assistance was ineffective or that appellant was coerced to enter a plea of guilty. See *Read* v. *State,* 242 Ark. 821, 415 S.W. 2d 560; *Blake* v. *State,* 244 Ark. 37, 423 S.W. 2d 544. He never indicated to anyone that he needed more time to prepare a defense, to consult with the attorney appointed or any other or to make a decision as to his plea. He has not yet suggested what might have been done that was not done. Furthermore, appellant has not explained his failure to protest to the trial court, even though he admitted he had an opportunity to do so and even though he testified at the postconviction hearing about his statements to Patterson indicating that he felt the risks of trial were increased by his being represented by Patterson.

Appellant testified that the lineup procedure had nothing to do with his plea of guilty, but his attorney now argues that it actually contributed to making the plea involuntary. A photograph of the lineup is in the record of the hearing. Although tattoo marks are not visible in the photograph, we do not believe that due process requires that lineups be composed only of people whose physical appearances are so similar in minute detail that peculiar identifying features cannot be considered in identification. The fact that one identifying witness saw appellant in custody before the lineup might be of some significance if that witness had been the only one to identify Honaker. We find no merit in the suggestion that the lineup was unconstitutionally conducted because

one of the identifying witnesses had seen appellant on occasions prior to the alleged offenses. An examination of the photograph exhibited in evidence does not reveal a composition that would make his selection over others by an uncertain witness more probable. Two persons in the photograph appear to be wearing T shirts. There is nothing in the record to show that the perpetrator of the crimes charged was at the time they were committed wearing this kind of upper garment, or had tattooed arms.

There was adequate evidentiary basis for a finding by the trial court that appellant's plea of guilty was simply the result of plea bargaining of the type we held legitimate in *Myers* v. *State*, 252 Ark. 367, 479 S.W. 2d 238. We do not find sufficient basis for saying that appellant met his burden or that the fact questions were not correctly decided by the circuit court and, therefore, affirm the judgment.