932

JOHN SHELTON *v.* STATE OF ARKANSAS

CR 73-156                                504 S.W. 2d 348

Opinion delivered January 28, 1974

*Don Langston,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *James W. Atkins,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant John Shelton was sentenced to four years confinement on a plea of guilty to grand larceny. At the time of sentencing he sought credit for time spent in jail. The trial court ordered the commitment pre-dated to give credit for only a part of the time spent in jail. The sole question on appeal is whether appellant was entitled, as a matter of right, to credit for the full time he was incarcerated.

This court has twice been faced with the same question. *Kimble* v. *State,* 246 Ark. 407, 438 S.W. 2d 705 (1969); *Harper* v. *State,* 249 Ark. 1013, 462 S.W. 2d 847 (1971). In *Kimble,* appellant received less than the maximum sentence. He sought, among other relief, credit for time served in jail prior to trial. On appeal we said: "Appellant argues that he should have been given credit on the present sentence for this amount of time. As to the days served in jail, we do not agree, for we have no statute permitting this to be done". In *Harper,* we had the same question before us and we ruled as in *Kimble.* Also. see *Gross* v. *Sarver,* 307 Fed. Supp. 1105 (E. D. Ark.,

1970). We are further persuaded by legislation on the subject. Ark. Stat. Ann. § 43-2813 (Supp. 1971). There it is provided that the sentencing judge may *in his discretion* allow credit for time served in jail. It is of considerable significance that the legislature has treated the subject and did not see fit to make the credit mandatory.

We hold that when the sentence imposed plus time served in jail awaiting trial does not exceed the maximum penalty, the prisoner is not entitled as a matter of right, to credit for full time served in jail while awaiting trial.

Affirmed.

BYRD, J., dissents.