Jerry CHARLES *v.* STATE of Arkansas

CR 74-36                                              510 S.W. 2d 68

Opinion delivered June 3, 1974

*Harold L. Hall,* Public Defender, by: *Garner L. Taylor Jr.,* Dep. Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for appellee.

*Lee A. Munson,* Pros. Atty., by: *John Wesley Hall, Jr.,* Dep. Pros. Atty., amicus curiae.

J. FRED JONES, Justice. Jerry Charles was charged in the Pulaski County Circuit Court with the commission of eight separate felonies consisting of five counts of burglary and grand larceny, one count of burglary, one count of robbery, and one count of assault with intent to kill. He was incarcerated in the Pulaski County jail from July 27, 1970, until December 7, 1970, when he entered pleas of guilty to all eight charges and was sentenced to ten years in the penitentiary on each charge, with the sentences to run concurrently. After serving approximately four months of the ten year sentence, Charles escaped from penal custody in Arkansas and went to California where he remained for seventeen and one-half months before being apprehended and returned to the penitentiary in Arkansas. He was subsequently sentenced to five years for escape, with that sentence to run concurrently with the concurrent sentences previously imposed. A Rule 1 petition filed by Charles in the Pulaski County Circuit Court was denied, following a hearing thereon, and the grounds for

post-conviction relief therein sought are indicated in the points he relies upon for reversal as follows:

"The lower court erred in denying the petitioner credit for jail time served while awaiting trial.

The lower court erred in refusing to order the prison officials to credit petitioner with the time he served prior to his escape."

As to the appellant's first point, Ark. Stat. Ann. § 43-2813 (Supp. 1973) provides that "the sentencing judge may in his discretion direct, when he imposes sentence, that time already served by the defendant in jail or other place of detention, shall be credited against the sentence," but there is no evidence in the record before us that the trial court abused its discretion in this case. The concurrent ten year sentences in this case when added to the time Charles spent in the Pulaski County jail while awaiting trial, did not exceed the maximum penalties for the crimes involved and certainly Charles was not entitled, as a matter of right, to credit for full time he served in jail while awaiting trial. *Shelton* v. *State,* 255 Ark. 932, 504 S.W. 2d 348 (1974). The cases cited by the appellant pertaining to indigency, as well as the *obiter dictum announced in our recent decision of Smith* v. *State,* 256 Ark. 425, 508 S.W. 2d 54 (1974), have no application to the case at bar because there is no evidence, in the record before us, that the appellant Charles was indigent or that he remained in the county jail and failed to make bond because of indigency. The burden was of course on the appellant to make such showing. *Honaker* v. *State,* 252 Ark. 975, 482 S.W. 2d 111.

As to Charles' second assignment, the trial court was without jurisdiction to grant the relief prayed. While recognizing the rule that a trial court has general power over its judgments during the term in which they are rendered, in *Fletcher* v. *State,* 198 Ark. 376, 128 S.W. 2d 997, we pointed out two exceptions in language as follows:

"One is that when an appeal has been perfected in this court and the other is that the defendant has served a portion of his sentence. In either case the trial court is without jurisdiction to modify its judgment, 'except to

correct its judgment to make it speak the truth in aid of the jurisdiction of the appellate court.' "

Thus, when a valid sentence has been put into execution, the trial court is without jurisdiction to modify, amend, or revise it in any way either during or after the term or session of the court at which the sentence was pronounced. *Williams, Standridge & Deaton* v. *State,* 229 Ark. 42, 313 S.W. 2d 242.

Ark. Stat. Ann. § 46-103 (Supp. 1973) vests exclusive jurisdiction in the Arkansas Department of Correction for the care, custody, control, management, administration and supervision of all persons committed to, or in, the custody of the department. The appellant Charles is asking this court to order the trial court to do something which it has no authority to do—intervene in the process of prison administration.

Assuming that Charles' allegation of no credit for time served prior to his escape is supported in fact and he is being required, as he now argues, to serve a total of 12 years instead of the ten years assessed by the court, he cannot raise the issue in a proceeding to which the Department of Correction is not a party.

The judgment is affirmed.