George E. RAY *v.* STATE of Arkansas

CR 74-37                                    509 S.W. 2d 830

Opinion delivered June 3, 1974

*Harold L. Hall,* Public Defender, by: *Lloyd R. Haynes,* Dep. Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for appellee.

*Lee A. Munson,* Pros. Atty., by: *John Wesley Hall, Jr.,* Dep. Pros. Atty., amicus curiae.

CONLEY BYRD, Justice. Appellant George E. Ray on July 13, 1970, as a result of some plea bargaining entered a plea of guilty and accepted sentences of three years on a charge of burglary and a charge of grand larceny with the sentences to run concurrently. The commitment directed that he serve one third of his sentence before being eligible for parole. He escaped from the Department of Corrections unit at Cummins on January 7, 1971 and was not returned to custody until March 15, 1973. Thereafter, he filed the post conviction petition here involved contending that he had ineffective assistance of counsel and that he was entitled to credit for time spent in the county jail prior to his sentence. The trial court found against him on both issues and he appeals. We agree with the trial court.

The record shows that appellant made a written confession shortly after his arrest. He now contends that it was involuntary but his employed counsel testified that during her discussions with him before the plea of guilty he made no such contention. On the record presented before us it appears that his trial counsel gave him not only adequate but rather effective representation in negotiating the three year plea.

Neither do we find any merit in the contention that appellant is entitled to credit for the eight months he spent in jail prior to the sentence. Appellant here entered a "negotiated plea" wherein he had some bargaining power and by agreeing to the entry of a guilty plea for a specified sentence he necessarily waived any right to assert a claim for a lesser sentence including a credit for jail time.

Affirmed.