John Lee RANSOM *v.* STATE of Arkansas

CR 74-132                                   518 S.W. 2d 490

Opinion delivered January 27, 1975

*Harold L. Hall,* Public Defender, by: *Jewel Brown,* Dep. Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. Appellant, John Lee Ransom, was charged by information with first degree murder, but subsequently entered a plea of guilty to the crime of second degree murder and was sentenced to 21 years confinement in the Arkansas Department of Correction, the maximum sentence that could be imposed. Thereafter, Ransom filed a petition under the provisions of Criminal Procedure Rule I, alleging various grounds for relief; however, at the hearing held on April 10, 1974, appellant abandoned all allegations except one, *viz.,* that as a matter of right, 5 ½ months spent in pre-trial incarceration should have

been credited on the sentence imposed. This is the sole basis of appeal.

The trial court refused to grant relief, stating that Ransom spent his time in jail under a first degree murder charge and credit for time in jail would not apply where a plea was later entered to second degree murder. In disposing of this appeal, it is not necessary that this question be discussed.[1]

Petitioner relies upon the case of *Shelton v. State*, 255 Ark. 932, 504 S.W. 2d 348, but we do not agree that this case supports appellant's argument. The sole question there was whether Shelton was entitled, as a matter of right, to credit for the full time he was incarcerated, and we affirmed the circuit court's ruling that Shelton was not, as a matter of right, so entitled. It is argued, however, that language in the opinion indicates that, in a proper case, the credit would be held to be mandatory. It might be added that nothing in the *Shelton* opinion reflects that Shelton was indigent, and this is an important fact.

The case that is actually applicable to the facts here at hand is *Smith v. State*, 256 Ark. 425, 508 S.W. 2d 54 (1974), such case containing a comprehensive discussion of the question of when one is entitled to credit on his sentence for jail time served. Federal cases which hold that the state's refusal to give credit for pre-trial detention is an unconstitutional discrimination on the basis of wealth prohibited by the Fourteenth Amendment are listed, it being pointed out that financial inability to post bond should not cause an indigent to spend more time in confinement than one whose wealth enables him to be admitted to bail. *Smith* contains language on this point which is particularly pertinent to the case at hand, this court stating:

"We think the result appellant seeks would be clearly indicated if he had been held in confinement before trial solely because of his indigency. But this is not the case. *Although petitioner argues vigorously that discrimination in the matter of jail-time credit because of indigency violates the Fourteenth Amendment, he does not even allege that he*

---

[1]See, however, *Ray v. State*, 256 Ark. 695, 509 S.W. 2d 830 (1974).

*was unable to make bail because of indigency."* [Our emphasis].

Likewise, there is no allegation in the petition in the present case that Ransom spent the 5 ½ months in jail (which he here seeks credit for) while awaiting trial because of indigency, [2] i.e., a financial inability to make the bail which had been set by the circuit court. The record only reflects that prior to the commencement of the hearing, counsel stated that petitioner wished to proceed solely upon one issue, "That the petitioner's sentence should be reduced by the 5 ½ months spent in jail awaiting trial inasmuch as the petitioner received the maximum sentence for Second Degree Murder." It is not shown whether his then counsel (at the time of the plea), a practicing attorney of Little Rock, was retained or appointed, and we reiterate that there is absolutely nothing in the record to indicate that the time spent in jail was occasioned by indigency.

Accordingly, in determining this case, it is only necessary to refer to the language used in *Smith,* herein quoted.

It follows that there is no merit in the argument advanced here on appeal.

Affirmed.

BYRD, J, concurs.

---

[2]The only time in which the word "indigent" appears in the record is that Ransom's petition says that he is an "indigent inmate". This fact, of course, does not mean that he was indigent prior to the trial, or at the time of trial. Appellant's statement of the case includes the sentence, "Appellant's bond was reduced to Ten Thousand Dollars on the 9th day of November, 1972, but due to appellant's indigency, bond was never executed." The statement of the case, of course, is not evidence, and cannot be considered by this court. The record does not reflect that a hearing was held to reduce bond, but only that, after hearing, the bail was set at $10,000.