Lee Francis HARRIS *v.* STATE of Arkansas

CR 80-183                                           609 S.W. 2d 48

Supreme Court of Arkansas
Opinion delivered December 22, 1980

E. *Alvin Schay*, State Appellate Defender, by: *Jack R. Kearney*, Deputy State Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Appellant, aged 33, was charged with attempted capital murder in shooting at David Sanders, a law enforcement officer acting in line of duty. He pleaded not guilty and not guilty by reason of a mental disease or defect. The jury found him guilty and imposed a 25-year sentence. For reversal he contends that the evidence is not sufficient to support the verdict and that the court should not have permitted the introduction of a statement he made to police officers on the day of the offense.

The State adduced an abundance of substantial evidence to support the charge. On March 20, 1979, Officer Sanders, in his police uniform, went to a residential area in Little Rock to investigate suspicious conduct on the part of Harris. When the officer came up behind Harris in a yard and spoke to him, Harris turned quickly, and the officer saw he had a pistol in a shoulder holster. The officer drew his own pistol and cocked it. As Officer Sanders was backing up, he tripped and lost his balance. Harris grabbed the barrel of Sander's weapon with both hands. During the struggle Sanders pulled the trigger, firing harmlessly. Sanders continued falling and hit the ground, dropping his gun. At that point Harris stood astride of the officer's body, held his own pistol in both hands, and aimed at the officer, between the eyes. Sanders escaped injury by rolling over just before Harris fired. Harris fired again as Sanders was making his way to his car to call for assistance.

Other police officers arrived quickly. In a running gun battle both Harris and the officers fired several times before Harris reached his own house and took refuge there. After

some two hours of attempted persuasion the officers used tear gas to make Harris come out and surrender. He was taken to a hospital for removal of the lingering tear gas in his eyes. He was then taken to police headquarters, where, after having been given Miranda warnings, he made and signed a brief but coherent statement of his encounter with the officers.

It is argued that the State failed to prove that Harris acted with the necessary mental culpability, knowledge that Sanders was an officer, premeditation, and deliberation. Of course, it was impossible for the State to offer explicit direct proof of all such issues of intent and mental state, but the proof of Harris's actions was sufficient to establish every element of the offense and to support the jury's verdict of guilty. No complaint is made of the court's instructions submitting all the issues that are now argued.

As to the admissibility of the statement, the court held two in-chambers hearings just before the trial began. The first was upon a motion asserting that Harris was mentally unfit to stand trial. Psychiatrists testified that when Harris was first committed to the State Hospital, eight days after the offense, he was found to be confused, to be suffering from paranoid schizophrenia, and to be unfit to stand trial. After some four months of medication and treatment, which could be continued after his possible release, he was found to be in complete remission and able to communicate in a normal manner. At the conclusion of that hearing the judge found Harris mentally fit to stand trial.

The same proof was also considered at the Denno hearing. In addition, the three officers who participated in the interrogation testified that Harris gave preliminary information, such as the date and place of his birth, that he seemed to understand their questions, that he answered them calmly, and that the statement was made voluntarily. At the end of the Denno hearing the trial judge discussed the proof briefly and concluded with these words:

I would permit this [the signed statement] to be into evidence for whatever weight the jury might determine that it is entitled to, if any. And you may inquire

about it, and you may argue this to the jury, and you may inquire of the doctor in front of the jury as to his capacity for whatever weight they may give to it, if any at all.

The trouble with the foregoing ruling is that it may be taken to mean either that the judge finds the statement to be voluntary or that he is leaving that issue to the jury for its sole determination. Thus the ruling fails to meet the Supreme Court's requirement that the trial court's conclusion that a confession is voluntary "must appear from the record with unmistakable clarity." *Sims* v. *Georgia*, 385 U.S. 538 (1967). Our statute also makes it the trial court's duty to determine by a preponderance of the evidence that the confession was made voluntarily. Ark. Stat. Ann. § 43-2105 (Repl. 1977).

The deficiency in the ruling, however, does not in itself entitle the defendant to a new trial. The cause should be remanded to the trial court for an explicit determination of the issue of voluntariness. *Swenson* v. *Stidham*, 409 U.S. 224 (1972); *Jackson* v. *Denno*, 378 U.S. 368 (1964). We have followed that same procedure, by remanding the cause and affirming it upon a second appeal. *Johnson* v. *State*, 248 Ark. 184, 450 S.W. 2d 564 (1970); *Johnson* v. *State*, 249 Ark. 268, 459 S.W. 2d 56 (1970). A new trial should be ordered only if the trial judge finds the confession to have been involuntary. *Denno, supra.*

No error being shown except with respect to the required finding of voluntariness, the cause is remanded for further proceedings upon that issue. Whether an evidentiary hearing is needed is for the trial judge to decide.

PURTLE, J., not participating.