Tami Deaton SMITH *v.* STATE of Arkansas

CA CR 82-61                                     638 S.W.2d 692

Court of Appeals of Arkansas
Opinion delivered September 8, 1982

*Wayne R. Williams,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

TOM GLAZE, Judge. Appellant seeks to reverse the decision of the trial court to revoke her suspended sentence. The events leading to this appeal began on October 27, 1980, when the court gave appellant a three year probated sentence on a Forgery Second Degree charge. The State later moved to revoke the probated sentence, alleging, among other things, that she had violated the Arkansas Hot Check Law. On November 30, 1981, the court revoked appellant's probation, accepted her prior plea of guilty to the forgery charge and entered a five year suspended sentence. The court stated it was suspending the sentence in consideration of her child and husband. At this same hearing, appellant and her husband assured the court that they would pay all outstanding insufficient checks. On December 7, 1981, the State moved to revoke appellant's suspended sentence. The court considered the State's second revocation motion at hearings held on December 14 and 18. On December 18, 1981, it ordered the suspended sentence revoked and committed appellant to imprisonment for five years less nineteen days jail time. The reason given by the court for revoking the November 30 suspended sentence was that it believed appellant had lied. In brief, the court found at the November 30 hearing appellant and her husband represented they had contacted all parties holding insufficient checks given to them by appellant, but, in truth, there were two parties who had not been contacted until *after* November 30. The court expressed the opinion that it would not have suspended appellant's sentence if it had known of appellant's misrepresentation.

In reviewing an order of revocation we affirm unless we find the court's order to be clearly against the preponderance of the evidence. *Cogburn v. State,* 264 Ark. 173, 569 S.W.2d 658 (1978). After carefully reviewing the record here, we can

only conclude that the court's finding that appellant lied at the November 30 hearing was clearly erroneous. The misunderstanding between the court and appellant first became evident at the December 14 hearing where the trial judge said that appellant and her husband had previously stated all the parties holding insufficient checks had been contacted. On this point, the court was in error. Appellant's husband did state at the November 30 hearing that he had made arrangements to pay the "people who have checks now," *i.e.,* at the time of the hearing. He then informed the court that he knew all of them — apparently referring to his preceding remark, "the people who have checks now."

Perhaps the responses of appellant's husband proved confusing to the court. Even so, later remarks by the court, appellant and prosecutor show conclusively that appellant never intended to mislead or lie to the court. The court asked if $200 (in insufficient checks) was out, and appellant responded, "It might be a little bit more." The prosecutor said that he had checks that totaled about $110, so he did not have all the checks. Appellant expressed that she was "not quite sure exactly what's out." Nowhere in the record can we find that appellant stated that she or her husband had contacted all parties holding her insufficient checks. She simply did not know all those parties with checks, and she informed the court of this fact. The court's recollection to the contrary was wrong.

Since the trial court apparently did not have the benefit of a written record of the November 30 proceeding, we certainly can perceive how the misunderstanding arose at the later hearings. Nevertheless, the trial court relied on appellant's violations of the Hot Check Law when it revoked her probated sentence on November 30 and imposed a suspended sentence at the same time. These same violations could not later be used to revoke her suspended sentence. Recognizing this fact, the trial court based its revocation on the finding that appellant had lied. Since we find the court erred on this point, we hold that appellant's suspended sentence revocation had no foundation in fact and the trial court's decision must be reversed. See *Ellerson, Jr. v. State,* 261 Ark. 525, 530, 549 S.W.2d 495, 497 (1977).

In conclusion, we note the State's argument that the trial court's revocation order on December 18 was only to correct its revocation order rendered on November 30. In other words, the court's decision on November 30 was based upon erroneous information given by appellant that the court corrected on December 18. Under these circumstances the court had the authority to correct the November 30 judgment before it was executed or appealed. To this effect, see *Charles* v. *State,* 256 Ark. 690, 510 S.W.2d 68 (1974), and *Collins* v. *State,* 261 Ark. 195, 548 S.W.2d 106 (1977). We find no merit in this argument. First, as we stated earlier, appellant did not offer erroneous information to the court so this could hardly be the basis upon which to correct the November 30 judgment. Secondly, the action taken by the trial court on December 18 was not to modify, amend or revise its earlier order. Instead, the court revoked the suspended sentence it had given appellant on November 30 and, in so doing, it made no attempt to vacate, modify or correct its November 30 order.

For the reasons stated above, we reverse and remand with directions to reinstate appellant's suspended sentence as ordered on November 30, 1981.

Reversed and remanded.