Joe GUINN *v.* STATE of Arkansas

CA CR 88-246                                        771 S.W.2d 290

Court of Appeals of Arkansas
Division I
Opinion delivered May 10, 1989

*Mark S. Cambiano, P.A.*, for appellant.

*Steve Clark,* Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Joe Guinn appeals from his conviction of conspiring to commit multiple acts in violation of Ark. Code Ann. § 5-3-401 (1987) (formerly Ark. Stat. Ann. § 41-

707 (Repl. 1977)). *See also* Ark. Code Ann. § 5-3-403 (1987) (formerly Ark. Stat. Ann. § 41-709 (Repl. 1977)). We find sufficient merit in one point raised to warrant remand for further proceedings in the trial court.

The evidence presented at trial established that appellant offered to burn a dwelling belonging to Doyle Hall to enable him to collect insurance proceeds. Hall informed the authorities, and an undercover agent, posing as a relative of Hall's, thereafter met with appellant to discuss the plan. An agreement was entered into under which the appellant would burn Hall's buildings for the purpose of collecting insurance proceeds and would purchase from the undercover officer ten pounds of marijuana for resale at other places. Overt acts in furtherance of the agreement were thereafter committed.

## MOTIONS TO DISMISS

Appellant first contends that the trial court erred in denying his motion to dismiss the conspiracy charge because the only alleged co-conspirators were police officers and their agents. This argument was presented and decided adversely to appellant on the first appeal of this case. *See Guinn* v. *State*, 23 Ark. App. 5, 740 S.W.2d 148 (1987). Our decision on the issue became the law of the case, and we will not address it again. *Hickerson* v. *State*, 286 Ark. 450, 693 S.W.2d 58 (1985); *Mode* v. *State*, 234 Ark. 46, 350 S.W.2d 675 (1961).

Appellant next contends that the trial court erred in denying his motion to dismiss because he had been charged by a felony information filed by the prosecuting attorney rather than by an indictment returned by a grand jury, and because no probable cause determination was ever made prior to the issuance of a warrant for appellant's arrest. We find no error.

Appellant makes three separate arguments in support of his contention that his prosecution could not go forward in the absence of a grand jury indictment. Appellant's first and third arguments are that the grand jury indictment requirement of the fifth amendment to the United States Constitution should be made applicable to the states by virtue of the due process clause of the fourteenth amendment, and that, even apart from the fifth amendment, allowing one to be charged by a prosecutor's

information without the safeguard of a grand jury indictment is "unconstitutional." We could not hold in favor of either argument even if we were so inclined. The United States Supreme Court has specifically held otherwise with respect to both arguments. *See Woon* v. *Oregon*, 229 U.S. 586 (1913); *Bolln* v. *Nebraska*, 176 U.S. 83 (1900); *Hurtado* v. *California*, 110 U.S. 616 (1884). The Arkansas Supreme Court has also repeatedly upheld the constitutionality of this State's practice of charging people by information. *See Higgins* v. *State*, 270 Ark. 19, 603 S.W.2d 401 (1980); *McCree* v. *State*, 266 Ark. 465, 585 S.W.2d 938 (1979); *Moore* v. *State*, 229 Ark. 335, 315 S.W.2d 907 (1958) *cert. denied* 358 U.S. 946 (1959). Although a state court may interpret its own constitutional prohibitions and requirements more restrictively against the prosecution than its federal counterparts have under federal constitutional standards, it cannot impress a greater restriction as a matter of *federal constitutional law* when the Supreme Court of the United States has specifically refrained from doing so. *Oregon* v. *Haas*, 420 U.S. 714 (1975). *See also Kidd* v. *State*, 24 Ark. App. 55, 748 S.W.2d 38 (1988). Nor is it within our province to overrule decisions of the Arkansas Supreme Court.

■ Appellant's second argument is that amendment twenty-one to the Arkansas Constitution, which specifically allows criminal charges to be brought by a prosecutor's information, is unconstitutional under the Arkansas Constitution. We cannot agree. Appellant makes no contention that amendment twenty-one was not validly adopted, and, absent a showing of invalid adoption, a state constitutional amendment *is* the state constitution with regard to the subject matter it addresses.

■■ Nor do we find merit in appellant's contention that the issuance of a warrant for his arrest without a neutral magistrate's determination of probable cause required that his prosecution be dismissed. In the first place, a law enforcement officer may arrest a person *without* a warrant if he has reasonable cause to believe that person had committed a felony. Ark. R. Crim. P. 4.1(a). However, even were we to assume for the sake of this argument that appellant's arrest was not based upon reasonable cause, that would not mandate dismissal of the charge against him. The appellant cannot challenge his own presence at trial or claim immunity to prosecution simply because his appearance

was precipitated by an unlawful arrest. An illegal arrest, without more, has never been viewed as either a bar to subsequent prosecution or a defense to a valid conviction. *United States* v. *Crews*, 445 U.S. 463 (1980); *Van Daley* v. *State*, 20 Ark. App. 127, 725 S.W.2d 574 (1987). In *Crews*, 445 U.S. at 474, the Supreme Court stated:

> The exclusionary principle of *Wongsun* and *Silverthorne Lumber Company* delimits that proof the Government may offer against the accused at trial, closing the courtroom door to evidence secured by official lawlessness. Respondent is not himself a suppressible "fruit," and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by police misconduct.

Here, appellant does not contend that any evidence should have been suppressed because obtained as a result of an illegal arrest but only that the charge against him should have been dismissed.

## SUFFICIENCY OF *MIRANDA* WARNINGS

Appellant next contends that the trial court erred in admitting evidence of incriminating statements he made to police because the *Miranda* warnings given him were constitutionally insufficient on their face. The rights forms used in this case included the following:

> Q. Do you understand that you have the right to talk to a lawyer for advice before we ask you any questions and have him/her with you during your questioning?
>
> A. Yes.
>
> Q. Do you understand that *if you cannot afford a lawyer, one will be appointed for you by the court before any questioning*, if you so desire?
>
> A. Yes.

(Emphasis added.) Relying on *Mayfield* v. *State*, 293 Ark. 216, 736 S.W.2d 12 (1987), appellant contends that the above warning failed to inform him that an attorney would be appointed for him "free of charge" if he could not afford to hire one, and that that failure required that any statements he made be suppressed.

We construe *Mayfield* to hold to the contrary.

In *Trotter* v. *State*, 290 Ark. 269, 719 S.W.2d 268 (1986), the court did hold that *Miranda* warnings must inform an accused that, if he cannot afford one, an attorney will be appointed at absolutely no cost to him and that warnings that do not so inform the accused are constitutionally defective. However, in subsequent cases culminating in *Mayfield*, the court stated that *Trotter* went too far. *Mayfield* holds that, while an accused person must be informed of his right to appointed counsel if he cannot afford to hire one, there are no magic words which must be used. There, the court concluded:

> While we are not holding that specific words are required, we suggest that it would be very simple for the warning to say that the person being warned has the right to have an attorney present and that he may either retain one himself or, *if he cannot afford one, have one appointed by the court.*

*Mayfield*, 293 Ark. at 223, 736 S.W.2d at 15 (emphasis added). The warnings given here fully conform to that requirement.

## VOLUNTARINESS OF APPELLANT'S CONFESSION

Appellant next contends that the trial court should not have admitted evidence of an inculpatory statement appellant made to police officers following his arrest because, despite appellant's request, the trial court never held a *Denno* hearing to determine the voluntariness of that statement. *See Jackson* v. *Denno*, 378 U.S. 368 (1964); Ark. Code Ann. § 16-89-107(b)(1) (1987) (formerly Ark. Stat. Ann. § 43-2105 (Repl. 1977)). That statute provides that; when a defendant raises an issue of fact concerning the voluntariness of a confession, the trial court is to conduct a hearing and determine that issue outside the presence of the jury.

On the day of trial, appellant orally moved to suppress the statement in question and requested a *Denno* hearing. The trial court refused to conduct a hearing at that time because the jury was already in the courtroom. As good cause was shown for the motion's lack of timeliness, *see* Ark. R. Crim. P. 16.2, it was decided that a hearing might be had at some other point in the trial. Over appellant's objection, evidence of his incriminating

statement was subsequently introduced. The State concedes that no *Denno* hearing was ever held and that the trial court never ruled on whether the statement was voluntary.

We agree with appellant that this was error. However, this failure on the part of the trial court does not in and of itself entitle appellant to a new trial. Instead, the case should be remanded to the trial court with instructions to hold a hearing and rule on the issue of the voluntariness of appellant's confession. *Jackson* v. *Denno, supra; Harris* v. *State,* 271 Ark. 568, 609 S.W.2d 48 (1980). A new trial should be ordered only if the trial court finds the confession to have been involuntary. *Id.*

## TESTIMONY OF DOYLE HALL

Over appellant's objection, Doyle Hall was permitted to testify that in January of 1985, while residing in Tyler, Texas, he was approached on several occasions by appellant with regard to purchasing property owned by Hall in Van Buren County. He testified that appellant offered to buy the property and guaranteed payment within one year, indicating that he would obtain the funds with which to make payment by burning its structures. Hall informed him that he would have to think about it. Hall testified that the appellant then made the counter-proposal that he would burn the property for Hall for a price to be agreed upon. Hall stated that he would have to think about it. Appellant contends on appeal that the trial court erred in admitting this testimony because he was surprised that the prosecutor intended to use it, because the trial court had granted a motion *in limine* prohibiting its introduction prior to his first trial, and because it was hearsay, irrelevant, and highly prejudicial. We find no error in the trial court's ruling.

At appellant's second trial, he pled the affirmative defense of entrapment, which is said to occur when a law enforcement officer, or any person acting in cooperation with him, induces the commission of an offense by using persuasion or other means likely to cause a normally law-abiding person to commit the offense. Ark. Code Ann. § 5-2-209 (1987) (formerly Ark. Stat. Ann. § 41-209 (Repl. 1977)). The conduct of a law enforcement officer or his agent which merely affords the accused an opportunity to do that which he is otherwise ready, willing, and able to do is not entrapment. *Id.; Spears* v. *State,* 264 Ark. 83, 568

S.W.2d 492 (1978); *Webber* v. *State*, 15 Ark. App. 261, 692 S.W.2d 255 (1985). A defendant's conduct and predisposition, both prior to and concurrent with the transactions forming the basis of the charges, are still material and relevant on the question of whether the government agents merely afforded the opportunity to commit the offense with which he is charged. *Spears* v. *State, supra*; *Harper* v. *State*, 7 Ark. App. 28, 643 S.W.2d 585 (1982). Here, the evidence of the events that took place in Texas was relevant to the issue of appellant's predisposition to commit arson and tended to show that the idea of the conspiracy was born in the mind of the appellant. We cannot conclude that the trial court abused its discretion in finding the evidence relevant and its probative value not substantially outweighed by any danger of unfair prejudice.

Appellant next argues that the evidence was inadmissible hearsay under Rule 801(a)(2)(v) of the Arkansas Rules of Evidence because the statements attributed to him were made before the alleged conspiracy began. We do not address this argument because appellant did not object to Hall's testimony on hearsay grounds at trial and cannot raise the issue for the first time on appeal. *Johnson* v. *State*, 289 Ark. 589, 715 S.W.2d 441 (1986).

Nor can we agree with appellant that the trial court was required to exclude the evidence of appellant's conversations with Hall because the prosecutor had previously indicated to appellant's counsel that he would not seek to introduce it. Apparently, in light of entrapment becoming a defense, the prosecutor later decided to use the evidence and informed defense counsel of that fact on the day before trial. Appellant argues that he might have been able to secure a witness to rebut that appellant ever made such statements had he known earlier that they were to be used. Appellant has cited no authority and made no convincing argument as to why the court was required to exclude this evidence. *See Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977). Counsel for the appellant concedes that he does not believe the prosecutor intentionally misled him. He is apparently arguing that the prosecutor committed a discovery violation. We cannot agree. Rule 17.1 of the Arkansas Rules of Criminal Procedure requires that, upon request, the prosecuting attorney must furnish defense counsel with a list of the witnesses he intends

to call and the substance of any oral statements made by the defendant. Here, it is not denied that long before trial counsel was made aware of the content of these statements and that Hall would be called to testify.

However, even were we to assume that a discovery violation had been committed, we could not conclude that the trial court abused its discretion in refusing to exclude the evidence. Under Ark. R. Crim. P. 19.7, a number of options in addition to exclusion of evidence are open to the trial court, including granting a continuance. Here, it would seem that a continuance could have cured any prejudice appellant may have suffered. Appellant did not request a continuance in order to give himself time to locate the witness he thought could rebut Hall's evidence but asked only that the evidence be excluded. He also conceded that he was unsure whether the witness he had in mind could rebut Hall's testimony.

Appellant finally argues that the trial court had entered an order prohibiting introduction of this evidence at his first trial and that he had a right to rely on that ruling in his second trial. We cannot agree. Again, appellant has failed to make any convincing argument or cite any authority for his proposition. We note, however, that the evidence in question was not inadmissible *per se*; it was excluded at the first trial because it was found to be irrelevant. Pleading and submitting to the jury at the second trial the affirmative defense of entrapment, however, made the evidence relevant. Furthermore, it is clear that:

> [U]pon appellate reversal of a conviction the Government is not limited at a new trial to evidence presented at the first trial, but is free to strengthen its case in any way it can by the introduction of new evidence.

*Pickens* v. *State*, 292 Ark. 362, 370, 730 S.W.2d 230, 235 (1987) (quoting *United States* v. *Shotwell Mfg. Co.*, 355 U.S. 233, 243 (1957)).

## CROSS-EXAMINATION OF DOYLE HALL

Appellant next contends that the trial court erred in limiting the scope of his cross-examination of Doyle Hall. Appellant alleged that the jury in his prior trial had recommended that Doyle Hall be indicted. On cross-examination of Hall in the

present case, the court would not permit appellant's counsel to ask Hall if he was aware that "a previous jury recommended that he be indicted." Appellant argues that he should have been permitted to ask the question in order to establish bias or a motive for Hall's giving testimony favorable to the State. We find no prejudicial error in the court's refusal to allow the question.

Evidence of grants of immunity, promises of leniency, and other consideration given to a witness to secure his testimony are proper subjects for cross-examination. *See Giglio v. United States*, 405 U.S. 150. (1972). Here, appellant was permitted to explore these issues before the jury and was permitted to ask the witness whether he had been granted immunity from prosecution in exchange for his testimony, whether he had had any discussions with the prosecutor regarding immunity, and whether he understood that he could be charged with conspiracy to commit arson. It is not, however, within the province of the members of a petit jury in one case to bring criminal charges against a witness testifying before them, and their private opinions as to Hall's criminality would not be relevant to the issue of bias. We cannot conclude that the trial court abused its discretion in refusing to allow the witness to be asked if he was aware of such a recommendation or, if that ruling was error, that it was anything more than harmless in light of what appellant was allowed to ask the witness and the other evidence in this case. *See Hoback v. State*, 286 Ark. 153, 689 S.W.2d 569 (1985).

## JURY INSTRUCTIONS

Over appellant's objection, the trial court gave Arkansas Model Criminal Instruction 108, which told the jury that the filing of an information by the State is not evidence and is not to be considered by the jury in "determining the guilt or innocence of the [appellant]." The trial court refused to give appellant's modified instruction, which would have told the jury that it was not evidence and was not to be considered "in determining whether the State has proven the guilt of [appellant] beyond a reasonable doubt." Appellant contends that the instruction given left the jury with the erroneous impression that it was required to find him either guilty or innocent and placed an unconstitutional burden on him to prove his innocence. We find no merit in this

contention.

The court first charged the jury that the State must prove beyond a reasonable doubt each and every element of the offense charged, and "[o]n the other hand, the defendant is not required to prove his innocence." The court then instructed the jury that the filing of the information was not to be considered in the determination of guilt or innocence. This instruction was followed by one stating that the appellant was presumed to be innocent, and that the presumption of innocence protects him throughout the trial and should continue to prevail in the jurors' minds until they were convinced of his guilt beyond a reasonable doubt. The court also properly defined "reasonable doubt." When all of the instructions are considered, we cannot conclude that there is any merit in the contention that the instruction objected to created an improper impression in the minds of these jurors.

## CONCLUSION

As appellant has failed to demonstrate any error other than with respect to the required hearing and finding as to the voluntariness of his confession, the cause is remanded to the trial court for further proceedings on that issue. A new trial is to be ordered only if the trial court finds the confession to have been involuntary. *Jackson* v. *Denno*, 378 U.S. 368 (1964); *Harris* v. *State*, 271 Ark. 568, 609 S.W.2d 48 (1980).

MAYFIELD and ROGERS, JJ., agree.