Benjamin OLIVER *v.* STATE of Arkansas

CA CR 01-988

72 S.W.3d 547

Court of Appeals of Arkansas
Division IV
Opinion delivered April 24, 2002

*Fernando Padilla*, Public Defender Conflicts, for appellant.

*Mark Pryor*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Benjamin Oliver was charged with first-degree murder in connection with the shooting death of George Dove. Prior to trial, the circuit court conducted a *Denno* hearing after Oliver moved to suppress a statement he gave to the police. The court ruled that Oliver's statement was admissible and after a jury trial he was found guilty. Oliver was sentenced to sixty years in prison.

His sole argument on appeal is that the trial court erred in admitting his confession absent the testimony of a material witness. We agree and reverse and remand.

At the suppression hearing, Oliver testified that officers threatened to beat him with a "blackjack" or "billy club" during the course of the questioning. Detective Steve Knowles, who conducted the interview, testified at the suppression hearing. Detective Chuck Ray, who was also present, but took no significant part in the questioning, was not called as a witness.

In *Smith v. State*, 254 Ark. 538, 494 S.W.2d 489 (1973), the supreme court held that:

> [W]henever the accused offers testimony that his confession was induced by violence, threats, coercion, or offers of reward then the burden is upon the state to produce all material witnesses who were connected with the controverted confession or give adequate explanation for their absence.

The court in *Smith* relied in part on *People v. Armstrong*, 282 N.E. 2d 712 (Ill. 1972).

In *Griffin v. State*, 322 Ark. 206, 909 S.W.2d 625 (1995), the supreme court restated the rule:

> The State has the burden to produce all material witnesses *who were connected* with the controverted confession or give an adequate explanation of their absence. (Emphasis in original.)

The court in *Griffin* noted that since *Armstrong* the rule had been repudiated in Illinois. *See People v. R.D.*, 155 Ill.2d 122, 613 N.E.2d 706 (1993).

■ There is no requirement that the issue of the State's failure to call all material witnesses be raised in the trial court. *Brown v. State*, 347 Ark. 44, 60 S.W.3d 422 (2001); *Matthews v. State*, 261 Ark. 532, 549 S.W.2d 492 (1977).

■ The question, then, is whether Detective Ray was a material witness. In *Bell v. State*, 324 Ark. 258, 920 S.W.2d 821 (1996), the court said:

> In determining whether a witness is "material," this court has stated that there must be some connection between the witness and the alleged acts of coercion or an opportunity to observe the alleged coercion.

In *Smith v. State*, 256 Ark. 67, 505 S.W.2d 504 (1974), the court said:

> The State's evidence shows that Hale was present when Smith made the statement, and his name was signed as a witness at the end of the statement. It goes without saying that he was a material witness on the question.

The State relies on *Hayes v. State*, 269 Ark. 47, 598 S.W.2d 91 (1980). In *Hayes* the State called the two officers who were

primarily responsible for conducting the questioning as witnesses at the *Denno* hearing. The State did not call Lieutenant Moore who was also present. The supreme court held that the State was not required to call Moore.

It is true, as the State contends, that Moore's participation in the questioning was virtually the same as Detective Ray's participation in the case at bar. The difference is that in *Hayes* there was no allegation of coercion or mistreatment, while here Oliver contends that he was threatened with physical violence.

In *Griffin v. State*, 322 Ark. 206, 909 S.W.2d 625 (1995), the court said, "*There must be some connection between the alleged acts of coercion or an opportunity to observe the alleged coercion.*" *Id.* at 214 (quoting *Bushong v. State*, 267 Ark. 113, 589 S.W.2d 559 (1979), cert. denied, 446 U.S. 938 (1980) (emphasis in *Griffin*)). The court in *Griffin* found that the absent witnesses (jailers) were not material because "they were not in a position to observe the alleged coercion."

 In the case at bar Detective Ray, while taking no significant part in the questioning, was in a position to observe the alleged coercion, and therefore it was error not to require that he be called as a witness. We agree with the State, however, that only a "limited remand" is required. *Rankin v. State*, 329 Ark. 379, 948 S.W.2d 397 (1997); *Harris v. State*, 271 Ark. 568, 609 S.W.2d 48 (1980); *Burnett v. State*, 71 Ark. App. 142, 27 S.W.3d 454 (2000); *Guinn v. State*, 27 Ark. App. 260, 771 S.W.2d 290 (1989). We remand the case to the circuit court for the purpose of conducting a new *Denno* hearing. If the trial court determines, at the conclusion of the hearing, that the statement was not given voluntarily, the court should suppress the statement and order a new trial. If the court determines that the defendant's statement was voluntarily given, a new trial will not be required. *See e.g., Burnett v. State, supra.*

Reversed and remanded.

ROBBINS and CRABTREE, JJ., agree.