298

## Duane LEEPER *v.* STATE of Arkansas

CR 78-91                                   571 S.W. 2d 580

### Opinion delivered October 2, 1978
### (In Banc)
[Rehearing denied November 6, 1978.]

*Robert L. Shaw,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. On November 1, 1977, the prosecuting attorney for the Ninth Judicial District, acting by

his deputy, filed a petition to revoke the suspension of a sentence imposed upon appellant Duane Leeper on a charge of possession of intoxicating liquor for sale in a dry county. The sentence had been imposed on a charge alleging that the offense was the third one by Leeper. The sentence was for a term of five years, but it was suspended, conditioned upon Leeper's good behavior and the payment of a $5,000 fine and all costs. It was alleged in the petition for revocation that Leeper had violated the terms and conditions of the suspension in that he had "sold alcoholic intoxicating beverages in a county, to-wit Sevier, where it is forbidden by law to do so, on October 31, 1977." After a hearing, the suspension was revoked and Leeper was sentenced to a two-year term. The only point for reversal is:

AS A MATTER OF LAW ENTRAPMENT BY POLICE OFFICERS REQUIRES REVERSAL OF REVOCATION OF SUSPENDED SENTENCE.

In abstracting the testimony, appellant's counsel states:

Witnesses for Appellant do not deny that he sold the whiskey to Trooper Carter so only that portion of their testimony related to the intoxicated condition of Appellant is abstracted.

In the conclusion of his brief, appellant asks that we reverse the judgment and dismiss the petition for revocation on the sole ground that there was entrapment as a matter of law. Thus, we must remember that there is one, and only one, question before us for appellate review, and disregard extraneous matters.

Assuming that entrapment is a defense to a petition to revoke a suspension of a sentence, we do not agree that there was entrapment as a matter of law. If the witnesses on behalf of the state are believed (and obviously the trial judge did believe them) there was no entrapment. The question was one of fact. See *Peters* v. *State,* 248 Ark. 134, 450 S.W. 2d 276; *Clark* v. *State,* 258 Ark. 490, 527 S.W. 2d 619. It was resolved against appellant.

In considering the question presented, it must be

remembered that appellant bore the burden of proving entrapment by a preponderance of the evidence. Ark. Stat. Ann. §§ 41-110, -209 (1) (Repl. 1977). On appellate review, we must view the evidence in the light most favorable to the state. *Cary* v. *State,* 259 Ark. 510, 534 S.W. 2d 230; *Cooper* v. *State,* 246 Ark. 368, 438 S.W. 2d 681; *Simmons* v. *State,* 255 Ark. 82, 498 S.W. 2d 870. We could say that there was entrapment *as a matter of law* only if there was no factual issue to be resolved by the trial court, i.e., if there was no substantial evidence to the contrary, when the evidence is viewed as we must. *Harris* v. *State,* 262 Ark. 680, 561 S.W. 2d 69; *Harmon* v. *State,* 260 Ark. 665, 543 S.W. 2d 43; *Williams* v. *State,* 260 Ark. 457, 541 S.W. 2d 300; *Burks* v. *State,* 255 Ark. 23, 498 S.W. 2d 336.

The sale was made to Mike Carter, a trooper of the Arkansas State Police, who went to Leeper's house with Joey Barnhill and Steve Clemmons. The purpose of the trip was to buy whiskey from Leeper. Carter had been employed by the state police just a week earlier and this was his first assignment. Carter, dressed in civilian clothes, walked up to the front door at Leeper's house and told Leeper that he wanted some whiskey. Carter testified that he asked Leeper one time if he had whiskey for sale and said no more. He said that Leeper asked for his name twice, asked where he lived, expressed satisfaction with his looks, turned around and went into another room and came back with a pint bottle of whiskey, which he sold to Carter. Carter stated that he had handed Leeper $7, but Leeper had said that was too much and returned two one dollar bills.

Steve Clemmons, a state trooper, and Deputy Sheriff Barnhill had taken Carter to the Leeper house in Barnhill's pickup truck. They had stopped about 50 feet from the front door of Leeper's house. Clemmons said that he had heard Carter say, "I want a bottle of whiskey" and had seen Carter and Leeper go into the house and had seen Carter come out with a bottle of whiskey. Barnhill had heard Carter knock on Leeper's door. He said that Carter had returned with a bottle of whiskey about five minutes after he had left Clemmons and Barnhill in front of the Leeper house.

The purpose of Carter's trip to the Leeper house was to

buy whiskey. Barnhill testified that he had heard that Leeper was selling whiskey. Sheriff Godwin also had information that Leeper was selling whiskey. The sheriff did not remember whether he or "his folks" had planned this attempted purchase. Carter testified that Leeper was intoxicated and described his condition. Carter admitted that he would have arrested Leeper if he had caught him on the road in that condition.

If the state's version is accepted, there was no persuasion or inducement by Carter. He simply asked to buy whiskey. The only testimony relating to any inducement was given by Leeper and a woman who lived with him. They said that, when Carter asked if Leeper had a pint he would sell, Leeper said that they didn't sell whiskey there, but, after Carter said that he was hurting for a drink and kept begging, Leeper got the one bottle he had for himself and the woman and let Carter have it. It would be impossible to say that appellant had established the defense of entrapment as a matter of law.

The present statute on the affirmative defense of entrapment [Ark. Stat. Ann. § 41-209 (Repl. 1977)] follows:

> Entrapment occurs when a law enforcement officer or any person acting in cooperation with him, induces the commission of an offense by using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

According to the commentary, the statute simply asks the fact finder to consider the effect of the officer's conduct on a hypothetical average citizen, rather than its effect on the particular defendant. The last sentence quoted above clearly recognizes that in order to enforce the law, officers must involve themselves in operations such as those engaged in here. The sheriff and his deputy had information that Leeper, already found guilty of a third offense, was still in business, in violation of the terms of his suspension. Leeper's inspection and appraisal of Carter show clearly the difficulty persons known by Leeper to have connections with law enforcement would have encountered in obtaining evidence. The sheriff

had a duty to see that the conditions of the suspension were kept. He spoke of the difficulty in obtaining testimony from Leeper's customers. The suspension of sentence on a third conviction warranted an effort by the law enforcement officers to pursue rumors that Leeper was still in business. The method they used may well have been the only expedient one. We have previously recognized the difficulties in obtaining convictions for the unlawful sale of drugs without having testimony of a purchaser. *Sweatt* v. *State,* 251 Ark. 650, 473 S.W. 2d 913.

Appellant has never contended or argued that the trial court's finding should be reversed on the question of preponderance of the evidence. This is actually the appropriate question in this case. *Cogburn* v. *State,* 264 Ark. 173, 569 S.W. 2d 658. Since the question turns upon the credibility of the witnesses, we must defer to the superior position of the trial judge. *Gardner* v. *State,* 263 Ark. 739, 569 S.W. 2d 74; *Whitmore* v. *State,* 263 Ark. 419, 565 S.W. 2d 133. Thus, we could not even say that the finding of the trial court that appellant failed to meet his burden is clearly against the preponderance of the evidence.

The judgment is affirmed.

HICKMAN and HOWARD, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. This is a pitiful case; the defendant, Duane Leeper, is an alcoholic. The authorities, representing the state of Arkansas, induced Leeper, who was under a five year suspended sentence, to sell a pint of whiskey in a dry county.

The sheriff's office, apparently on its own, decided to attempt to make a "buy" of intoxicating liquors from Leeper. Leeper had been on probation for two years and there was no credible evidence that Leeper had been selling whiskey during this period. The only evidence of such misconduct was the sheriff's testimony that he had heard from one or more people that Leeper had been selling whiskey.

A young Arkansas State Policeman, who was apparently unknown in the community, was used to make the "buy." It

was his first assignment as a policeman. According to the trooper he went to Leeper's residence and asked Leeper if he could purchase some whiskey. The trooper purchased a pint of whiskey for $5.00. The trooper testified there was no doubt that Leeper was drunk at the time and, in fact, said if he had seen Leeper on the street he would have arrested him for being drunk. The trooper did not fail in his first mission as an Arkansas State Policeman.

Leeper was not immediately arrested on the basis of this so-called "buy." Instead, the next day a search warrant was issued and Leeper's residence was searched. Apparently Leeper was drunk again, or still drunk, when his residence was searched. The only incriminating evidence found by the authorities during the search was one pint of whiskey; Leeper and another witness, a woman living with Leeper, testified it was for their personal use and not for sale. If the search had been conducted several hours later the pint produced from the search might not have been in evidence.

During cross examination, the sheriff was asked who the people were that told him of Leeper's misconduct and why they were not present in court to testify. The sheriff said that these individuals wouldn't swear in court to what they would swear to him in private. I suppose this means they would not tell the truth under oath.

At best, the state's case can be described as flimsy.

The only evidence, then, of misconduct, was the so-called "buy" made by the trooper when Leeper was drunk. It was on this evidence alone that Leeper was ordered to spend two years in the Arkansas Department of Correction.

There are other considerations. About the only way to describe Arkansas liquor laws is that they are hypocritical. In most, if not all, dry counties there are one or more private clubs where individuals who can afford membership purchase and consume alcohol within the law. Across the street one who does the same thing, of course, violates the law.

Also, there is the factor that Leeper was an alcoholic,

one who should be treated rather than punished. That is not to say that one who is an alcoholic, or drunk, should be exonerated for wrongful acts committed by them. They should not be; but neither should they be committed to the penitentiary simply because they are alcoholics or drunks. I cannot say in this case whether Leeper should have been sent to the penitentiary for selling whiskey or not. There is simply no credible evidence, that on his own, without encouragement by a law enforcement officer, he had any intention of selling whiskey or had ever violated his parole. I would not affirm the decision revoking the suspended sentence.

I am authorized to state Justice Howard joins me in this dissent.