Olen SETTERS *v.* STATE of Arkansas

CA CR 81-24                                    627 S.W. 2d 263

Court of Appeals of Arkansas
Opinion delivered February 3, 1982

*Tom J. Keith,* Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty.

48

Gen., for appellee.Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant was found guilty of the sale of a controlled substance, LSD, and sentenced to prison for ten years. The sole issue on this appeal is whether it was error for the trial court to permit the introduction of evidence of other crimes and acts. We find no error and we affirm.

At 12:45 a.m. on June 19, 1980 an undercover state police investigator, Dale Best, and an informer went to appellant's home. The informer told appellant that Officer Best wanted to purchase marijuana and appellant sold Best one ounce of marijuana for $20.00. Best then told appellant that he wanted to purchase some LSD, and appellant said he could obtain the LSD from another person for $5.00 per dosage unit. Best at that time made tentative arrangements to purchase four more ounces of marijuana. Best and appellant agreed to meet later the same day to consummate the purchase of LSD.

At 10:30 that night, the two met on the west side of the square in Bentonville. Appellant was a passenger in a car driven by Wanda Martin, a co-defendant. Best asked appellant if he had the LSD, and appellant said yes, but that the price would be $7.00 per dosage unit. Appellant fumbled between the driver and the passenger sides of the car and then asked Martin where the acid was. Martin opened her purse, took out the LSD, and handed it to appellant who handed it to Best. Best and appellant made further arrangements to meet the next day for the purchase of the four ounces of marijuana previously discussed. Cross examination revealed that Best and appellant met the next day according to their arrangement, at which time appellant told Best that he had learned Best was a narcotics officer.

Uniform Rules of Evidence, Rule 404(b) provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he conformed therewith, but may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Rule 403 provides that, although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury.

Rule 404 (b) is basically a restatement of case law stated and followed by the Arkansas Supreme Court. In *Alford* v. *State*, 223 Ark. 330, 266 S.W. 2d 804 (1954), the court said:

> No one doubts the fundamental rule of exclusion, which forbids the prosecution from proving the commission of one crime by proof of the commission of another. The State is not permitted to adduce evidence of other offenses for the purpose of persuading the jury that the accused is a criminal and is therefore likely to be guilty of the charge under investigation. In short, proof of other crimes is never admitted when its only relevancy is to show that the prisoner is a man of bad character, addicted to crime.

Another principle of law applicable to this case states that if other conduct of the accused is independently relevant to the main issue, in the sense of tending to prove some material point rather than merely to prove that the defendant is a criminal, that conduct may be admissible with a proper cautionary instruction by the court. In *Alford* v. *State* the court, quoting from *State* v. *Dulaney*, 87 Ark. 17, 112 S.W. 158 (1908), stated:

> While the principle is usually spoken of as being an exception to the general rule, yet, as a matter of fact, it is not an exception; for it is not proof of other crimes as crimes, but merely evidence of other acts which are from their nature competent as showing knowledge, intent, or design, although they may be crimes, which is admitted. In other words, the fact that evidence shows the defendant was guilty of another crime does not prevent it being admissible when otherwise it would be competent on the issue under trial.

In *Autrey* v. *State*, 113 Ark. 347, 168 S.W. 556 (1914) the state was permitted to introduce evidence that a hog had

been killed at about the same time a steer was stolen, the offense for which Autrey was being tried, as bearing on the question of intent and because it was part of the same transaction. In *Starr* v. *State*, 165 Ark. 511, 265 S.W. 54 (1924) the appellant was charged with being in possession of morphine and the state was permitted to show that she was also in possession of cocaine. The court ruled that possession of a quantity of cocaine at the same time has some tendency to show what the purpose was in having the morphine in her possession. In *Price* v. *State*, 268 Ark. 535, 597 S.W. 2d 598 (1980) appellant was charged with the theft of an automobile, and the state was allowed to introduce into evidence a telephone conversation appellant had with a police informant in which appellant admitted involvement in other car thefts. Appellant argued that the other car theft references were irrelevant and prejudicial. The court held that the evidence had independent relevance and that its relevance was not substantially outweighed by the danger of unfair prejudice. Those are issues, the court said, which the trial judge has wide discretion in deciding, and he will not be reversed unless he has abused such discretion.

In the case before the court it was not error for the trial court to permit the introduction of evidence of other crimes and acts of appellant. Appellant is in no position to complain about the testimony concerning his last meeting with Officer Best. That testimony was elicited on cross examination, and if error, it was invited by the appellant. All the other meetings and transactions between appellant and Officer Best occurred during a 22-hour period and the acts which occurred at those meetings were so interrelated by time and substance as to form one transaction: at the first meeting appellant sold Officer Best one ounce of marijuana and agreed to meet later for delivery of LSD and four additional ounces of marijuana; and at the second meeting the LSD was delivered as agreed, except for the price, and a definite appointment was then made for a second delivery of marijuana.

In *Young* v. *State*, 269 Ark. 12, 598 S.W. 2d 74 (1980) the court held admissible the testimony of an undercover agent that, at the time he purchased Phencyclidine (PCP) from the

appellant, the appellant told him he had already sold 30 hits of PCP that night. The court ruled that evidence of other criminal activity is admissible under the *res gestae* exception to the general rule to establish the facts and circumstances surrounding the alleged commission of the offense.

The other acts of appellant Setters were admissible to rebut the inference that appellant had been entrapped. An effort was made by appellant to show that Officer Best had sent the information to appellant's home on previous occasions "to try to get Mr. Setters to sell him something."

Appellant also implied that he might have only handed the LSD to Officer Best in behalf of the female driver of the automobile. Upon cross examination the following exchange took place between appellant's counsel and Officer Best:

Q.   Did you — alright, what did you say?

A.   I asked if he had the stuff and he said yes.

Q.   Okay. And that's when Wanda Sue Martin dug it out of her purse and handed it to him and he handed it to you?

A.   He asked where it was and she produced it and handed it to him and he handed it to me.

Q.   And you then, you gave him $42.00?

A.   Yes, sir.

Q.   Do you know what he did with that?

A.   No, sir.

Q.   You didn't know whether he handed it to her or kept it or what?

The other contacts Officer Best had with appellant were relevant to prove appellant's intent, Rule 404 (b), *supra*, and

the fact that appellant's acts would also be independent crimes does not render them inadmissible. The trial judge had wide discretion in deciding the relevancy of the other crimes and acts of appellant and in deciding whether the relevance was substantially outweighed by the danger of unfair prejudice to appellant. *Price* v. *State, supra.* There was no abuse of discretioin.

Affirmed.

COOPER, CORBIN and GLAZE, JJ., dissent.