Virgil Lee HARPER *v.* STATE of Arkansas

CA CR 82-112                                         643 S.W.2d 585

Court of Appeals of Arkansas
Opinion delivered December 15, 1982

*Acchione & King,* for appellant.

*Steve Clark,* Atty. Gen., by: *Velda P. West,* Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Virgil Lee Harper appeals from his conviction of possession of a controlled substance with intent to deliver in violation of Ark. Stat. Ann. § 82-2617 (Supp. 1981). The appellant admitted both the possession of marijuana and his intent to deliver to an undercover agent of the Little Rock Police Department but interposed the defense of entrapment. He maintains that the trial court erred in not directing a verdict in his favor on the issue of entrapment, in admitting evidence of prior criminal actions with which he was not charged, and permitting the jury to consider the amount of contraband seized when the quantity was not established by competent opinion testimony. We find no merit in any of these contentions.

The appellant first contends that the trial court erred in not holding as a matter of law that he had been entrapped. Ark. Stat. Ann. § 41-209 (Repl. 1977) provides:

Entrapment. — (1) It is an affirmative defense that the defendant was entrapped into committing an offense. (2) Entrapment occurs when a law enforcement officer or any person acting in cooperation with him, induces the commission of an offense by using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

This statute places emphasis on the conduct of the law enforcement officer or persons cooperating with him in

determining whether the officer has induced the commission of the offense by persuasion or has merely afforded a person who is ready, willing and able to commit the offense the opportunity of doing so. The defendant's conduct and predisposition both prior to and concurrent with the transaction are material and relevant on the question of whether the accused was only afforded the opportunity to commit the offenses.

Entrapment is an affirmative defense which must be proved by a preponderance of the evidence. *Brown* v. *State,* 248 Ark. 561, 453 S.W.2d 50 (1970); *Spears* v. *State,* 264 Ark. 83, 568 S.W.2d 492 (1978). We can only say that there is entrapment as a matter of law if there is no factual issue to be resolved by the trial court. *Leeper* v. *State,* 264 Ark. 298, 571 S.W.2d 580 (1978). On appellate review we view the evidence in the light most favorable to the State and will reverse only if there is no substantial evidence to support the jury's verdict.

Sam Williams, a detective with the Little Rock Police Department, testified that on June 29, 1981, acting on information of an informant, he negotiated with the appellant the purchase of 100 pounds of "home grown" marijuana. He testified that appellant then demanded that he "see the money." The officer had in his possession some $20,000 which he then exhibited to the appellant. He testified that appellant then told him that he had to obtain the marijuana from Hampton, Arkansas, and that he would get it that evening, let it dry, and deliver it to him on July 1st. The officer testified that appellant then demanded $5,000 as "front money" which he refused. He stated that appellant then asked for $500 for expenses, which was also refused. He stated that appellant finally asked for and was given $100 as expense money and "to show that I was interested in the deal."

The officer testified that on July 1st the appellant called him and arranged a place for closing the transaction. The officer went to the designated place and was shown approximately 300 pounds of green marijuana. He stated that he was told that appellant would have to dry and bale it

himself "to make the agreed 100 pounds." At that time the appellant was arrested.

The police officer also testified that he had information from informants that appellant was dealing in controlled substances. Acting on that information he had contacted the appellant in early June, 1981. On June 24th he again went to appellant's home where he purchased half a pound of "home grown" marijuana from him. At that time he and the appellant discussed his obtaining up to 100 pounds of marijuana. He stated that four days later the appellant had called him and told him that he would be able to obtain the 100 pounds and agreed to meet.

If the State's version is accepted there was no persuasion or inducement by the officer. He had information that appellant was dealing in controlled substances and went to his home to purchase marijuana, indicating that he had a substantial sum to invest and wanted to buy 100 pounds of marijuana. Four days later the appellant informed the officer that he could obtain that amount but would have to cut and dry it before delivery, which was three days later.

Appellant testified that he had never dealt in marijuana and when first approached by the officers he so informed them. He testified that he was approached by the informant and officers who told him he could make $20,000 in the deal, that he thought about it and "that it was a lot of money." He stated that he needed the money and agreed to obtain the marijuana on that sole inducement. There was evidence in the record that appellant had sold marijuana on at least one prior occasion and clearly he was able to produce a large amount in a short period of time.

The jury was not required to believe the appellant's testimony nor give it greater weight than that given to the police officer's. *Wrather v. State*, 1 Ark. App. 155, 613 S.W.2d 601 (1981). It could easily determine that appellant was predisposed to selling marijuana and that the officers merely afforded him an opportunity to do that which he was ready, willing and able to do. When the evidence is viewed in the light most favorable to the State we cannot say that the

finding that he had not been entrapped is not supported by substantial evidence.

The appellant next contends that the trial court erred in admitting evidence of other offenses with which the appellant had not been charged. In direct examination of the officer the prosecuting attorney made no reference to earlier contacts or transactions between the officer and appellant. He questioned the officer only as to the June 29th meeting and the July 1st arrest. For the purpose of establishing entrapment defense counsel asked Officer Williams if he had visited appellant's home on June 2nd and what his purpose was at that time. The officer answered that he went to appellant's home "at which time he sold me seven white tablets." Defense counsel objected that the answer was not responsive and the court sustained the objection and ordered the answer stricken. If there was error in this answer it could have been cured by the court's sustaining the objection and admonishing the jury to disregard it. Where no request to admonish the jury is made, and appellant did not request it here, it is not error to fail to do so. *Fears* v. *State*, 262 Ark. 355, 556 S.W.2d 659 (1977).

After this the prosecutor, referring to defense counsel's question as to the purpose of the June 2nd visit, asked the officer why he went there on that date. The witness answered that he went there "to purchase Quaaludes." He was then asked if he did in fact purchase the contraband but he did not answer due to a timely objection by defense counsel. He was not thereafter asked, nor did he state, whether he purchased any contraband at that time, even though the trial court indicated that he would permit that answer. Defense counsel did not request any cautionary instruction.

The officer was then asked to state the purpose for which he went to appellant's home on June 24th. The officer answered that he went there for the purpose of purchasing marijuana and that he in fact did purchase half a pound of home grown marijuana for $100. Over defendant's objection the trial court admitted the question and answer. According to the officer, at that time the appellant advised him that he had a supply of marijuana and the officer then discussed

with him the larger purchase of the 100 pounds. We find no error in this ruling of the court.

Rule 404 (b), Uniform Rules of Evidence, provides that evidence of other crimes or acts is not admissible to prove the character of a person or that he is a bad man, but may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity or acts absent of mistake or accident. However, such actions may be admissible if they are so interrelated in time and substance as to form one transaction or are relevant to the main issue in the sense of tending to prove some material point rather than merely to prove the defendant is a criminal. *Setters* v. *State*, 4 Ark. App. 46, 627 S.W.2d 263 (1982). In the case at bar three meetings between the appellant and the officers took place in one week. Those meetings were so interrelated by time and substance as to form a single transaction. At the first meeting the appellant sold the officer half a pound of marijuana and agreed to try and deliver the larger amount. At the second meeting four days later appellant informed the officer that he had obtained the marijuana and arranged for a delivery date and received $100. At the third meeting the larger amount of marijuana was delivered as agreed.

Evidence of these acts was also admissible to rebut the inference that appellant had been entrapped. Appellant's testimony tended to show that the officers had induced him to do an act which he had never done before by offering him a large sum of money which he sorely needed at the time. The evidence tended to prove that material point rather than merely that the defendant was a criminal and was admissible for that purpose. *Setters* v. *State, supra.*

The officers testified that when the marijuana was delivered it was green. There was testimony that in its green stage it weighed 286 pounds but it was never weighed after it had dried. Officer Williams was permitted to testify that in his opinion the dry weight of the marijuana delivered to him would be around 100 to 120 pounds. Appellant contends that it was error for the court to permit that opinion from one not qualified as an expert and to instruct the jury that they might consider the amount of quantity of the mari-

juana along with all other circumstances in determining the purpose and intent for which the marijuana was possessed. The police officer testified that he had bargained with the appellant for 100 pounds of dry home grown marijuana and that at the time the bargain was struck the appellant stated that he would dry it before delivery. He testified that he had been an officer dealing with narcotics for approximately three years and had received special training in that field. Defense counsel objected on the grounds that the officer was not an expert qualified to make a quantitative analysis of dry weight. The trial court determined that he had sufficient in-service training and experience to give such an opinion. *Euton* v. *State,* 270 Ark. 121, 603 S.W.2d 468 (Ark. App. 1980). It is well established that the determination of an expert's qualification as a witness is within the sound discretion of the trial court and absent an abuse of discretion we do not reverse its decision. *Smith* v. *State,* 258 Ark. 601, 528 S.W.2d 389 (1975); *Ray* v. *Fletcher,* 244 Ark. 74, 423 S.W.2d 865 (1968). The court properly instructed the jury that an expert witness is a person who has special knowledge, skill, training or education on a subject to which his testimony relates and that they should consider his opinion in the light of his qualifications and credibility. They were further instructed that they were not bound to accept an expert opinion as conclusive but should give it that weight which they felt it was worth. They were further instructed that they may disregard it completely if they found it to be unreasonable. We find no error.

Affirmed.