Arthur J. WALLS *v.* STATE of Arkansas

CR 83-90                                    658 S.W.2d 362

Supreme Court of Arkansas
Opinion delivered September 26, 1983
[Rehearing denied October 31, 1983.]

*Felver A. Rowell, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant's conviction and four year sentence for the crime of possession of a controlled substance with intent to sell and/or deliver was affirmed by the Arkansas Court of Appeals with three judges dissenting as to the trial court's refusal to grant appellant a continuance. *Walls* v. *State,* 8 Ark. App. 315, 652 S.W.2d 37 (1983). We granted his petition for review.

At trial the appellant offered the affirmative defense of entrapment. The pertinent facts upon which that defense was based are that prior to the alleged sale, the appellant became acquainted with John Robert Robbins. During several months preceding his arrest, Robbins and appellant became "good friends." Robbins and his wife spent the night at appellant's house, loaned appellant their car, went fishing and ate meals with appellant and, on one occasion, Robbins painted the appellant's truck free of charge. Eventually Robbins began to ask the appellant to obtain some marijuana for him. After twenty-five or thirty such requests, the appellant drove to Sweet Home, Arkansas, and returned with three ounces of marijuana. Upon his return, Robbins and Harvey George, an undercover agent with the Arkansas State Police, arrived to pick up the marijuana. This transaction led to appellant's arrest.

Appellant first argues that the trial court erred in denying his motion for a continuance and forcing him to proceed to trial without Robbins as a witness inasmuch as Robbins' absence precluded appellant from fully developing his entrapment defense. The appellant orally moved for a continuance on the date of trial based on the unavailability of Robbins.

A.R.Cr.P. Rule 27.3 provides:

The court shall grant a continuance only upon a showing of good cause and only for so long as is necessary, taking into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case.

A motion for a continuance is addressed to the sound discretion of the trial court and will not be reversed absent a clear abuse of that discretion amounting to a denial of justice. *Russell* v. *State,* 262 Ark. 447, 559 S.W.2d 7 (1977). The burden is upon the appellant to demonstrate the trial court erred in denying a motion for continuance. *Heffernan* v. *State,* 278 Ark. 325, 645 S.W.2d 666 (1983). We have held that the fact that the motion is not made until the day of trial,

as here, is an important consideration. *Tyler* v. *State,* 265 Ark. 822, 581 S.W.2d 328 (1979). We have also held that a defendant cannot rely on discovery as a total substitute for his own investigation. *Thomerson* v. *State,* 274 Ark. 17, 621 S.W.2d 690 (1981). Appellant cites *Spears* v. *State,* 264 Ark. 83, 568 S.W.2d 492 (1978), as controlling on the issue of continuance. There we said:

> Where there is an admitted informer who was a participant in transactions in controlled substances, the state should make every effort to produce him or to assist an accused in doing so.

In an effort to obtain Robbins' presence at trial, the appellant made inquiries in the area as to his whereabouts and had subpoenas issued on two occasions between March 18 and April 8 for him in both Pulaski and Faulkner Counties. The Pulaski County subpoenas were directed to the Arkansas State Police. The subpoenas were returned unserved. The last ones were returned the day before the trial began. The state objected to appellant's oral motion for a continuance on the day of trial, observing that appellant had had about three months to locate Robbins. It appears that in answer to appellant's bill of particulars and discovery motion, an inspection date of the state's file was set for January 13, 1982. Upon inspection of the state's files, the appellant was advised that Robbins would not be called as a witness for the state, Robbins was not an employee of the State Police, and his whereabouts were unknown. At a hearing on various motions on March 12, the state reminded defense counsel that it would not use Robbins as a witness; also, Robbins' whereabouts were unknown to the state. On March 18, at a pretrial session, the state's position was again made known to the appellant. Thereafter, appellant had subpoenas issued, as discussed above, for Robbins' attendance at the trial, which was set for April 8. In the circumstances, we hold that the trial court did not abuse his discretion in denying a continuance based upon his finding that appellant did not exercise due diligence or act in a timely manner.

Next, appellant asserts that the trial court erred by limiting the cross-examination of officer Harvey George as

to the identification of the informant in that his testimony was necessary to make the existence of entrapment more probable. Any evidence having any tendency to make the existence of entrapment more probable is admissible. Unif. R. Evid., 401. "The accused should be allowed a reasonable latitude in presenting whatever facts and circumstances he claims constitute an entrapment, subject to ordinary rules of admissibility." *Spears* v. *State, supra.*

Appellant's counsel, however, admitted to the trial court that he was not concerned about the informant's identity, but only wanted to develop his role in the transaction. Both appellant and his girlfriend were permitted to testify extensively at the trial on the informant's conduct and activities. Therefore, this case is distinguishable from *Spears* where evidence of the informant's activities and conversations, and not merely his identity, were excluded. Also, the appellant was permitted to cross-examine the officer about the marijuana sale. The appellant, himself, was permitted to testify about the informant's statement to him and others in appellant's presence. The appellant has not shown any prejudice by the limitations placed on the cross-examination and, therefore, no error was committed by the trial court.

Appellant next contends that the trial court erred in denying appellant's motion for a mistrial following the undercover agent's reference at trial to a subsequent purchase from appellant of controlled substances. The declaration of a mistrial is a drastic remedy to be resorted to only when the prejudice is so great that it cannot be removed by an admonition to the jury. *Cobb* v. *State,* 265 Ark. 527, 579 S.W.2d 612 (1979). Unif. R. Evid. 404 (b), relied on by appellant, provides that "[E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of the motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Such actions may be admissible if they are so interrelated in time and substance as to form one transaction or are relevant to the main issue in the sense of

tending to prove some material point rather than merely to prove the defendant is a criminal. *Setters* v. *State,* 4 Ark. App. 46, 627 S.W.2d 263 (1982).

Here, appellant testified on direct examination that George had been at his house twice and on one occasion had offered to sell the appellant some quaaludes which offer appellant refused. The state then called George as a rebuttal witness, who testified that he returned to the appellant's house later the same day the marijuana purchase was made to make another purchase. Rebutting evidence may be offered following evidence for the defense. Ark. Stat. Ann. § 43-2114 (Repl. 1977). The introduction of evidence by way of rebuttal by the state lies within the sound discretion of the trial court. *Decker* v. *State,* 255 Ark. 138, 499 S.W.2d 612 (1973). Impeachment of defendant's testimony is properly within the scope of rebuttal evidence. *Swindler* v. *State,* 267 Ark. 418, 592 S.W.2d 91 (1979). The appellant, here, opened the door to rebuttal by stating on direct and on cross-examination that George had been at his home on two occasions. The testimony was properly admitted to rebut appellant's entrapment defense, and the motion for mistrial, therefore, was properly denied.

Appellant's final point for reversal is that the trial court erred in denying appellant's motion for a directed verdict. Appellant argues that the trial court should have found that he was entrapped as a matter of law and was not predisposed to commit the crime. Ark. Stat. Ann. § 41-209 (Repl. 1977) provides: "Entrapment occurs when a law enforcement officer or any person acting in cooperation with him, induces the commission of an offense by using persuasion or other means likely to cause normally law-abiding persons to commit the offense." Here, Officer George testified that although the informant "paved the way" for him to make the alleged purchase, to his knowledge the informant was not employed or compensated in any way by the Arkansas State Police. Ordinarily, entrapment is a fact question which is properly submitted to the jury. *Mullins* v. *State,* 265 Ark. 811, 580 S.W.2d 941 (1979). Entrapment as a matter of law is only established if there is no factual issue to be resolved. *Leeper* v. *State,* 264 Ark. 298, 571 S.W.2d 580 (1978).

Appellant has the burden of establishing the existence of entrapment by a preponderance of the evidence. Ark. Stat. Ann. § 41-110 (4) (Repl. 1977); and *Brown* v. *State,* 248 Ark. 561, 453 S.W.2d 50 (1970). In the case at bar, suffice it to say that several facts were in dispute. For instance, conflicting testimony was given as to the status of Robbins as an informant, and the circumstances surrounding the alleged sale and delivery of marijuana. When we view the evidence most favorably to the appellee, as we must do on appeal, we hold there is substantial evidence to support the jury's verdict. Therefore, the trial court properly denied appellant's motion for a directed verdict.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I would reverse and remand this case for a new trial for the reasons set out in the majority opinion. Robbins (either a policeman or an informant) persuaded appellant to get him (Robbins) some marijuana. Obviously Robbins was an assumed name and he was probably living at the taxpayers' expense. Whomever or whatever he was, he was a party to the transaction set up by him. He was an essential witness to the defense. The defense tried in vain to locate Robbins. The state refused to help. It is likely the state knew where Robbins was and what his real name was. There is a good chance that if Robbins had appeared as a witness and told the truth he would have proven appellant's defense of entrapment. Were we merely joking in *Spears* v. *State,* 264 Ark. 83, 568 S.W.2d 498 (1978)? The majority opinion sets the stage for unknown persons to entrap people who would not otherwise violate our laws. I think I detect a goosestep in our cadence.