Russell WEBBER *v.* STATE of Arkansas

CA CR 85-12                                    692 S.W.2d 255

Court of Appeals of Arkansas
Division I
Opinion delivered June 26, 1985

*Gannaway, Darrow & O'Bryan,* by: *Joe O'Bryan,* for appellant.

*Steve Clark,* Att'y Gen., by: *Joel O. Huggins,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Judge. Appellant, Russell Webber, was tried and convicted by a Lonoke County Circuit Court jury for the offense of sale of a controlled substance. He was sentenced to three years in the Arkansas Department of Correction. We affirm.

On January 24, 1984, John Hannibal was acting as an undercover narcotics officer. He obtained a job with Dreamline Manufacturing in Cabot, Arkansas, to investigate a suspected narcotics trafficking operation believed to be connected with Dreamline. Hannibal approached appellant, an employee of Dreamline, and inquired if appellant knew where he could obtain a bag of marijuana. Appellant said he could get him some after work. At the end of the work day, appellant rode with Hannibal to Austin, Arkansas, to a mobile home. Hannibal gave appellant forty dollars. Appellant went to the door of the mobile home and upon knocking was greeted by a young woman who stated that her husband had some pot to sell but he was not home at the time. As Hannibal and appellant were leaving, appellant spotted his

source and they went back to the mobile home. Appellant took Hannibal's forty dollars and went into the mobile home but returned for change for a twenty because appellant said it was thirty-five dollars for the purchase rather than forty dollars. Appellant went back into the trailer and upon returning to Hannibal's car, appellant gave Hannibal a quarter ounce of marijuana.

## I.

## APPELLANT CONTENDS THAT HE WAS ENTRAPPED AS A MATTER OF LAW.

Appellant first argues that the trial court erred in not holding as a matter of law that he had been entrapped. Following the examination of Officer John Hannibal, appellant orally moved to dismiss the charges on the basis that he was entrapped as a matter of law. The trial court denied the motion stating that based upon the evidence before it at that time, there was insufficient evidence of the defense to grant the motion. Entrapment is an affirmative defense and is defined at Ark. Stat. Ann. § 41-209(2) (Repl. 1977), as follows:

> Entrapment occurs when a law enforcement officer or any person acting in cooperation with him, induces the commission of an offense by using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

The Arkansas Supreme Court in *Leeper v. State*, 264 Ark. 298, 571 S.W.2d 580 (1978), stated:

> We could say that there was entrapment *as a matter of law* only if there was no factual issue to be resolved by the trial court, i.e., if there was no substantial evidence to the contrary, when the evidence is viewed as we must. (Emphasis theirs) [cites omitted]

Conduct of the officer or informant merely affording the accused the opportunity to do that which he is otherwise ready, willing and able to do is not entrapment. *Spears v. State*, 264 Ark. 83, 568 S.W.2d 492 (1978). Judge Fogleman in *Spears, supra*, stated that Ark. Stat. Ann. § 41-209 did not materially

change the law. Under prior case law where the defense was entrapment, a searching inquiry into the defendant's conduct and predisposition had been held to be appropriate on the issue. In the case at bar appellant argues that the sole focus of Ark. Stat. Ann. § 41-209 is upon the conduct of the law enforcement officer or person acting in cooperation with him under the authority of *Mullins* v. *State*, 265 Ark. 811, 580 S.W.2d 941 (1979). However, Justice Fogleman in *Spears*, *supra*, explained that:

> The statute changes the rule only by focusing the inquiry so as to attribute *more* importance to the conduct of the law enforcement officers than to any predisposition of the defendant, and the question is directed to the effect of that conduct on "normally law-abiding persons." (Emphasis theirs)

It was further stated there that:

> Thus, defendant's conduct and predisposition, both prior to and concurrent with, the transactions forming the basis of the charges are still material and relevant, on the question whether the government agents only afforded the opportunity to commit the offenses with which he is charged. [cite omitted]

Appellant has the burden of establishing the existence of entrapment by a preponderance of the evidence. Ark. Stat. Ann. § 41-110(4) (Repl. 1977). In the instant case, the facts were not in dispute. Appellant, having the burden of proof, failed to present any evidence to indicate that he was induced by governmental conduct of a character likely to cause a normally law-abiding person to commit the offense. The evidence clearly reflects that the court could readily conclude that appellant had the predisposition contemplated under the guidelines of existing case law to commit the offense.

The trial court had only the testimony of Officer Hannibal as evidence at the time appellant moved to dismiss the charge. Appellant had not met the requisite burden of proof and we cannot say the trial court erred in refusing to grant the motion and in not holding appellant was entrapped as a matter of law. We find no error on this point.

## II.

## APPELLANT CONTENDS THAT HE WAS AN AGENT OF THE BUYER AND NOT OF THE SELLER AS A MATTER OF LAW.

Appellant's second argument is that he was an agent of the buyer and not of the seller as a matter of law, and that, therefore, he cannot be guilty of "selling" marijuana. This argument, however, overlooks the fact that Ark. Stat. Ann. § 82-2617(a)(1)(iv) (Supp. 1983), prohibits "delivery" rather than "sale." "Delivery," in turn, is defined by statute in Ark. Stat. Ann. § 82-2601(f) (Supp. 1983), as follows:

> "Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance or counterfeit substance in exchange for money or anything of value, whether or not there is an agency relationship.

Thus, in *Parker v. State*, 265 Ark. 315, 578 S.W.2d 206 (1979), an appeal from conviction on charges of delivering heroin, the Arkansas Supreme Court held that:

> The offense with which Parker was charged does require actual, constructive or attempted transfer of a controlled substance in exchange for money or something of value, but the fact that the person making the transfer acts as the agent of either the seller or the purchaser does not remove the transfer from the coverage of Ark. Stat. Ann. § 82-2601(f). (cites omitted)

Therefore, in this case, it makes no difference whether appellant was only acting as an agent for the purchaser, as the statutory provisions noted above negate appellant's defense. The issue is simply whether he made a transfer in exchange for something of value. Here, appellant did execute such a transfer, as it is undisputed that he took Hannibal's money, purchased the marijuana, and then transferred the marijuana to Hannibal.

## III.

## APPELLANT CONTENDS IN HIS THIRD POINT FOR REVERSAL THAT HE WAS CONVICTED OF A FELONY NOT DEFINED AS SUCH AND WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW.

The basis of this argument is premised upon the fact that Ark. Stat. Ann. § 82-2617(a)(1)(iv) (Supp. 1983), did not specifically designate the offense with which appellant was charged as a felony. This issue was not presented to the trial court. In *Toland* v. *State*, 285 Ark. 415, 688 S.W.2d 718 (1985), the Arkansas Supreme Court was confronted with the same issue. In disposing of this argument Justice Purtle stated, "We do not find in the abstract or record that this argument was presented to the trial court. Therefore, it cannot be raised for the first time on appeal." *Wright* v. *State*, 270 Ark. 78, 603 S.W.2d 408 (1980). We follow this rule and reach the same conclusion.

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.