Early Hester JOHNSON, Jr. *v.* STATE of Arkansas

CR 85-137                                    700 S.W.2d 786

Supreme Court of Arkansas
Opinion delivered December 16, 1985

*Henry & Moony*, by: *John R. Henry*, for appellant.

*Steve Clark*, Att'y Gen., by: *Charles R. Lucas*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Early Hester Johnson, Jr., was convicted by a jury of aggravated robbery of J.T.'s Service Station in Earle, Arkansas, and was sentenced as an habitual offender to 40 years imprisonment. It is from that verdict and sentence that this appeal is brought. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(b).

The sole issue raised on appeal is that the trial court erred in

failing to grant a continuance. On the day of the trial, during a hearing in chambers, the appellant asked for a continuance based on two grounds. He argued that the jury had seen him in leg irons, and that two of his witnesses for which subpoenaes were issued were not present for the trial. Only the second ground is pursued in this appeal.

The case was originally set for trial on November 7, 1984. Due to a crowded trial docket, it was continued until March 29, 1985. On March 29, the trial was postponed at the request of the appellant. Trial was subsequently held on April 2, 1985. The appellant maintains that one or two days prior to the March 29 trial date, his then-attorney was informed there was evidence that two of appellant's witnesses: David Lewis and Charles White, who were in custody at the Department of Correction and were subject to an outstanding subpoena, were also in custody on the day the offense was committed. According to the appellant, a discussion was held between his former counsel and the prosecutor and they reached an understanding that a hearing would be held by the court to determine if the witnesses would be brought from prison for the trial. A hearing was not held and the witnesses did not appear. Appellant complains he did not have an adequate opportunity for a hearing regarding the production of the witnesses.

In denying the motion, the trial court found there were no pleadings, petitions, or motions filed for the production of the witnesses. He further noted that this was the third time the appellant had been brought from the penitentiary for the trial and that, since there was no showing that the inmates the appellant subpoenaed as witnesses were material witnesses, the motion would be denied.

■ Motions for continuance are addressed to the sound discretion of the trial court and will not be reversed absent a clear abuse of that discretion amounting to a denial of justice. *Walls v. State*, 280 Ark. 291, 658 S.W.2d 362 (1983), *rehearing denied.*

■■ The trial court's ruling was correct. There is a statutory procedure for obtaining the presence of an incarcerated witness. Arkansas Stat. Ann. § 43-2022 (Repl. 1977) provides that a circuit court may:

> upon presentation of a petition duly verified and for good cause, by . . . interested defense counsel, have jurisdiction and authority to provide by proper order the presence in court and for the trial and as a witness, any person incarcerated . . . whose testimony would be material . . . .

Such a petition was never filed and no showing of materiality was made. In *Walker* v. *State*, 280 Ark. 17, 655 S.W.2d 370 (1983), the trial court refused a continuance where a witness was in prison and was not present for the trial. We upheld the judge's action, in part because no court order was ever obtained pursuant to § 43-2022.

Furthermore, Ark. Stat. Ann. § 27-1403 (Repl. 1979) establishes the procedure for postponing a trial because of the absence of evidence or of a witness. Under § 27-1403, such a motion to postpone:

> shall, if required by the opposite party, be made only upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it; and if it be for an absent witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence, that the affiant himself believes them to be true, and that the witness is not absent by the consent, connivance, or procurement of the party asking the postponement.

Here, no such affidavit was offered.

In *Kelley* v. *State*, 261 Ark. 31, 545 S.W.2d 919 (1977), we discussed the factors to be considered in ruling on a motion for continuance. Those factors include "the diligence of the movant, the probable effect of the testimony at the trial, the likelihood of procuring the attendance of the witness in the event of a postponement," and the filing of a § 27-1403 affidavit. In *Kelley* we stated, that "[t]he denial of a motion which is not in substantial compliance with the statute is not an abuse of discretion."

Accordingly, the judgment is affirmed.