Kimmy R. REDDING *v.* STATE of Arkansas

CA CR 87-7                                    733 S.W.2d 424

Court of Appeals of Arkansas
Division II
Opinion delivered July 22, 1987

*Hurst Law Office*, by: *Larry Honeycutt*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven III*, Asst. Att'y Gen., for appellee.

BETH GLADDEN COULSON, Judge. By felony information dated October 21, 1985, the appellant, Kimmy R. Redding, was charged with three counts of delivery of a controlled substance. On December 20, 1985, the appellant entered a plea of guilty as to each count and was sentenced to eight years imprisonment in the Arkansas Department of Correction and fined $1,000.00. A commitment order was filed that same day, and the appellant was remanded to the custody of the Montgomery County Sheriff's Office. On January 2, 1986, some two weeks after the commitment order was filed and while in custody and awaiting transfer to the penitentiary, the appellant filed a motion to set aside his guilty

plea. The trial court granted the motion and set the matter for trial. The appellant was convicted by jury verdict and was sentenced to ten years imprisonment and fined $10,000.00 on one count and placed on ten years probation on a second count. From that conviction comes this appeal.

The appellant first argues that the facts of this case support the defense of entrapment and, additionally, that the court erred in denying a motion for change of venue. The appellant also argues that the court erred in granting his motion to set aside the guilty plea as the court was without the power to modify, amend or revise the original sentence because it lost jurisdiction over the matter once the appellant was remanded to the custody of the sheriff after the filing of the first commitment order. Although the State fails to address the first two points by conceding the third, we find the appellant's arguments to be without merit and affirm.

Entrapment is an affirmative defense, and the appellant had the burden of proving that defense by a preponderance of the evidence. *Harper* v. *State*, 7 Ark. App. 28, 643 S.W.2d 585 (1982). The appellant argues that entrapment was established as a matter of law, which is only true where there were no factual issues to be resolved by the fact finder. *Harper, supra; Leeper* v. *State*, 264 Ark. 298, 571 S.W.2d 580 (1978). On appeal, we review the evidence in the light most favorable to the State and will reverse only if there is no substantial evidence to support the jury's verdict.

At trial, the State introduced the testimony of an informant, Larry Wornick, who had approached the Montgomery County sheriff with an offer of information concerning drug operations in the county in exchange for a recommendation by the prosecutor's office that Wornick's sentence in an unrelated case be suspended. The sheriff testified that in addition to assistance on other cases, he wanted Wornick to attempt a purchase from the appellant (who had been under investigation by the sheriff's department for over two years). Wornick subsequently made repeated visits to the appellant's residence. On or about August 17, 1985, he allegedly purchased marijuana from the appellant for $100.00, which sum was reimbursed by the sheriff.

Thereafter, on August 28, 1985, a meeting was arranged involving Wornick, the sheriff, a deputy prosecutor, and two

undercover officers. Wornick accompanied one of the undercover officers to the appellant's residence to attempt another purchase. Wornick testified that upon arriving at the residence he approached the appellant, stated that he had someone in the car who was interested in purchasing marijuana, and asked whether the appellant wanted to meet that person. According to Wornick, the appellant responded in the affirmative. The trio then moved to the rear of the appellant's residence where the appellant produced a large shopping bag containing marijuana.

Wornick testified that the undercover officer purchased the contents from the appellant for $250.00, of which $50.00 was forwarded by the appellant to Wornick for his services in procuring a buyer. Wornick and the officer then left. Subsequently, the officer returned to the appellant's residence on September 12, 1985, and purchased an additional quantity of marijuana for approximately $300.00. The appellant, according to the testimony, stated on several occasions that more marijuana would be available later.

The appellant's testimony was that Wornick frequently complained of a lack of funds and that he had loaned Wornick $200.00 as a favor. He then testified that Wornick left marijuana at the appellant's residence because the police were watching Wornick's home. The transaction on August 28, 1985, according to the appellant, involved no more than a sale by Wornick to the officer of the marijuana which Wornick allegedly left at the appellant's residence. The appellant's receipt of the $200.00 from the sale was simply payment by Wornick for the earlier loan, with the extra $50.00 being returned to Wornick. Wornick testified that he had never delivered marijuana to the appellant's residence and denied that the appellant had loaned him money.

The jury was not required to believe the appellant's testimony nor give it greater weight than that of any other witness. *Harper, supra.* The testimony of the undercover officer, which the appellant failed to abstract, corroborated that of the informant Wornick. We have no testimony concerning the events of the sale on September 12, 1985, because the appellant failed to abstract that portion of the record.

Section (2) of our statute governing entrapment, Ark. Stat. Ann. § 41-209 (Repl. 1977), provides:

> Entrapment occurs when a law enforcement officer or any person acting in cooperation with him, induces the commission of an offense by using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

Although more importance is attributed to the conduct of the law enforcement officers than to the predisposition of the defendant, the defendant's conduct and predisposition, both prior to and concurrent with the transactions forming the basis of the charge, are still material and relevant on the question of whether the officers only afforded the accused the opportunity to commit the offense. *Webber* v. *State*, 15 Ark. App. 261, 692 S.W.2d 255 (1985). Conduct of the officers or informant merely affording the accused the opportunity to do that which he is otherwise ready, willing and able to do is not entrapment. *Webber, supra.*

In the case at bar, on the issue of entrapment, several facts were in dispute. We therefore cannot say that the defense of entrapment was proved as a matter of law. *Walls* v. *State*, 280 Ark. 291, 658 S.W.2d 362 (1983). Viewing the evidence in the light most favorable to the appellee, as we must on appeal, we find substantial evidence to support the jury's verdict on this issue.

The appellant filed a petition for change of venue pursuant to Ark. Stat. Ann. § 43-1501 (Repl. 1977). The petition was based upon three articles printed in a local Montgomery County newspaper. The first set forth the charges filed against the appellant and noted his entry of a plea of not guilty. The second stated that the appellant had entered a negotiated plea of guilty and described his sentence. The third related that the appellant was subsequently to be given a trial in the matter. The articles were accompanied by others which reported the charges and pleas in drug related offenses committed by other defendants. The appellant argued that knowledge of his earlier plea of guilty, evidenced by publication in a widely circulated local paper, would preclude a fair trial in Montgomery County.

A change of venue should be granted only when it is clearly shown that a fair trial is not likely to be had in the county. *Richardson* v. *State*, 292 Ark. 140, 728 S.W.2d 189 (1987). The

burden of proof is on the defendant, and the decision of the trial court will be upheld unless it is shown that there was an abuse of the trial court's discretion in denying the petition. *Richardson, supra.* The trial court heard the testimony of several witnesses, in addition to considering the affidavits in support of the petition, and concluded that the appellant could receive a fair trial in that jurisdiction. Under those circumstances, we review only the court's exercise of its discretion. *Berry* v. *State*, 290 Ark. 223, 718 S.W.2d 447 (1986).

Section 43-1501 provides that any criminal case pending in any circuit court may be removed by order of the court to the circuit court of any other county whenever it shall appear "that the minds of the inhabitants of the county in which the cause is pending are so prejudiced against the defendant that a fair and impartial trial cannot be had therein." Ark. Stat. Ann. § 43-1502 (Repl. 1977) requires that the application for removal by the defendant be by petition and be supported by affidavits.

The appellant filed several such affidavits and introduced witnesses at the hearing on his petition. One of these witnesses stated that he had "signed something" but that "to tell you the truth, I didn't even read it [the affidavit]." In response to the question as to whether the appellant could receive a fair trial in the county, he said: "Well, that I just don't know." The witness providing the strongest testimony for the appellant's allegation was appellant's mother. The State introduced testimony by numerous witnesses from various townships within the county to testify that they knew of no reason why the appellant could not receive a fair trial in Montgomery County.

Our supreme court has held that there can be no error in the denial of a petition for change of venue if an examination of the jury voir dire shows that an impartial jury was selected and that each juror stated that he or she could give the defendant a fair trial and follow the instructions of the court. *Richardson, supra; Berry, supra.* Unfortunately, the appellant has failed to abstract the voir dire portion of the trial. A movant in a change of venue proceeding must demonstrate that countywide prejudice against him exists before his petition for change of venue will be granted. In view of the conflict in the testimony, we are unable to say that any abuse of discretion was shown.

The appellant's final argument is that the sentence originally imposed at the time he first entered a plea of guilty should be reinstated because the trial court was without power to grant his motion to withdraw the guilty plea (which led to the trial by jury) as the court lost jurisdiction of the matter after it imposed sentence, filed a commitment order, and remanded the appellant to the custody of the sheriff. We disagree.

The argument is based upon a long line of cases which have firmly established that once a valid sentence is put into execution, the trial court is without jurisdiction to modify, amend or revise it. *Coones* v. *State*, 280 Ark. 321, 323, 657 S.W.2d 553, 555 (1983); *Cooper* v. *State,* 278 Ark. 394, 645 S.W.2d 950 (1983); *Hunter* v. *State*, 278 Ark. 428, 645 S.W.2d 954 (1983); *Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 454 (1977); *Emerson* v. *Boyles*, 170 Ark. 621, 280 S.W. 1005 (1928). Where the defendant has "entered upon the execution of a valid sentence," the court loses jurisdiction over the case. *Emerson, supra*. Thereafter, any attempt to amend or revise the sentence is of no effect, and the original sentence remains. *Williams, Standridge & Deaton* v. *State*, 229 Ark. 42, 313 S.W.2d 242 (1958). We dispose of this final issue by first addressing a related matter.

The appellant's motion to set aside his guilty plea was filed pursuant to Rule 26.1 of the Arkansas Rules of Criminal Procedure. Such a motion is timely even if filed after the entry of judgment, if made with due diligence. However, our supreme court has stated that the motion "must be filed prior to sentencing." *Carter* v. *State*, 285 Ark. 256, 685 S.W.2d 812 (1985); *Rawls* v. *State*, 264 Ark. 954, 581 S.W.2d 311 (1979). The supreme court has emphasized that trial courts can, in the exercise of their discretion, consider a Rule 26.1 motion any time before sentencing; but, thereafter, the motion must have been amended so that it can be treated as a motion under Rule 37. *Shipman, supra*. The appellant concedes that this was not done. On its face, therefore, the appellant's motion to set aside his guilty plea appears to have been untimely, notwithstanding his argument as to jurisdiction, because the motion was filed two weeks after sentencing.

Having said this much, we hasten to point out that the

phraseology "before sentencing" is, at first glance, misleading. We find that the supreme court's *Shipman* opinion actually establishes that a Rule 26.1 motion is not untimely, therefore not requiring amendment, until the sentence has been put into execution. "Such a Motion must necessarily be made under Rule 37, *if the sentence has been carried into execution.*" (Emphasis ours.) 261 Ark. at 563. As such, both the timeliness of the appellant's motion, and his argument as to the court's loss of jurisdiction, are controlled by a determination of when, under our laws, the appellant's sentence was put into execution.

Our cases clearly establish that sentences of imprisonment are not put into execution until the defendant is placed in the custody of the Department of Correction. In *Nelson* v. *State*, 284 Ark. 156, 680 S.W.2d 91 (1984), the supreme court found that the trial court was without jurisdiction to modify a particular sentence once the original sentence had been put into execution and "the sentence was put into execution *because the appellant was placed in the custody of the Department of Correction.*" (Emphasis ours.) 284 Ark. at 157. The rationale behind the court's loss of jurisdiction is that the power to exercise discretion over a defendant's sentence has passed to the executive branch of government. *Nelson, supra; Charles* v. *State*, 256 Ark. 690, 510 S.W.2d 68 (1974).

The appellant's argument that the trial court had lost jurisdiction must fail, therefore, because the motion to set aside the guilty plea was filed prior to the time that the original sentence was put into execution; namely, the appellant had not been transferred to the custody of the Department of Correction. For similar reasons, the appellant's motion was timely under *Shipman.* That he was in the custody of the sheriff of Montgomery County does not change our holding, and we are not persuaded that *Coones, supra,* requires otherwise. In *Coones,* the supreme court found that the trial court was without jurisdiction once the appellant had been remanded to the custody of the sheriff and had served a portion of his sentence. However, the sentence was for a misdemeanor and it was the local jail where that sentence was to have been served; hence, it had been put into execution—which is not the case here. Although *Williams, Standridge & Deaton, supra,* states that the court loses jurisdiction once a defendant has served a portion of his sentence, the appellants in *Williams* were

already serving time in the Department of Correction, and the case is therefore distinguishable.

 Although the issue of the trial court's loss of jurisdiction over the appellant was not raised by the parties prior to taking this appeal, it is a general rule that subject matter jurisdiction is always open, cannot be waived or conferred by consent of the parties, can be questioned for the first time on appeal, and can even be raised by this court. *Coones, supra.* Having considered the issue of jurisdiction, we find no error and affirm.

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.